IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., A MINOR, BY AND THROUGH
HER PARENT AND LEGAL GUARDIAN D.L.

      **Plaintiff,**

v.                                        CIVIL ACTION NO. 3:18-CV-162
                                               (Groh)

**CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,**
**A subsidiary of WEST VIRGINIA UNIVERSITY**
**HOSPITALS-EAST, INC., d/b/a**
**WV UNIVERSITY HEALTHCARE,**

      **Defendant.**

## CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER, A SUBSIDIARY OF WEST VIRGINIA UNIVERSITY HOSPITALS-EAST, INC. d/b/a UNIVERSITY HEALTHCARE'S DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER, a subsidiary of WEST VIRGINIA UNIVERSITY HOSPITALS-EAST, INC. d/b/a UNIVERSITY HEALTHCARE[1] (hereinafter referred to collectively as "BMC"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint states as follows:

### FIRST DEFENSE

BMC reasserts that Plaintiff's First Amended Complaint fails to state a cause of action against BMC upon which relief can be granted as detailed within its previously filed Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss.

---

[1] The correct legal name for Defendant is "City Hospital, Inc. d/b/a Berkeley Medical Center, a Subsidiary Of West Virginia University Hospitals-East, Inc. d/b/a University Healthcare," without "WV" in front of "University Healthcare."

## **SECOND DEFENSE**

In response to the enumerated allegations contained in Plaintiff's First Amended Complaint, BMC answers as follows:

### INTRODUCTION

1. BMC denies all allegations asserted against it in Paragraph No. 1 of Plaintiff's First Amended Complaint and demands strict proof thereof.

2. BMC denies all allegations asserted against it in Paragraph No. 2 of Plaintiff's First Amended Complaint; denies that Plaintiff is entitled to the relief requested; and, demands strict proof thereof.

### PARTIES

3. Upon information and belief, BMC admits Paragraph No. 3 of Plaintiff's First Amended Complaint.

4. Upon information and belief, BMC admits Paragraph No. 4 of Plaintiff's First Amended Complaint.

5. BMC is without sufficient information or knowledge to respond to Paragraph No. 5 of Plaintiff's First Amended Complaint.

6. BMC admits Paragraph No. 6 of Plaintiff's First Amended Complaint.

7. BMC admits Paragraph No. 7 of Plaintiff's First Amended Complaint.

8. BMC is without sufficient information or knowledge to respond to Paragraph No. 8 of Plaintiff's First Amended Complaint since Plaintiff does not specify the "individuals" or "staff" she alleges to be employees of BMC.

9. Paragraph No. 9 of Plaintiff's First Amended Complaint contains only legal conclusions to which no response is required on behalf of BMC.

10. Paragraph No. 10 of Plaintiff's First Amended Complaint contains only legal conclusions to which no response is required on behalf of BMC.

11. Paragraph No. 11 of Plaintiff's First Amended Complaint contains only legal conclusions to which no response is required on behalf of BMC.

## JURISDICTION AND VENUE

12. Paragraph No. 12 of Plaintiff's First Amended Complaint contains only legal conclusions to which no response is required on behalf of BMC.

13. Paragraph No. 13 of Plaintiff's First Amended Complaint contains only legal conclusions to which no response is required on behalf of BMC.

## STATEMENT OF FACTS

14. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 14 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

15. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 15 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

16. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 16 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

17. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 17 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

18. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 18 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

19. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 19 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

20. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 20 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

21. In response to Paragraph No. 21 of Plaintiff's First Amended Complaint, BMC admits only that Plaintiff related this event to the staff at BMC while seeking treatment; however, BMC is without knowledge or information sufficient to form a belief about the truth of the allegation.

22. Upon information and belief, BMC admits Paragraph No. 22 of Plaintiff's First Amended Complaint.

23. Upon information and belief, BMC admits Paragraph No. 23 of Plaintiff's First Amended Complaint.

24. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 24 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

25. Upon information and belief, BMC admits Paragraph No. 25 of Plaintiff's First Amended Complaint.

26. Upon information and belief, BMC admits Paragraph No. 26 of Plaintiff's First Amended Complaint.

27. Upon information and belief, BMC admits Paragraph No. 27 of Plaintiff's First Amended Complaint.

28. In response to Paragraph No. 28 of Plaintiff's First Amended Complaint, BMC admits that D.L. represented that S.L. was autistic.

29. Upon information and belief, BMC admits Paragraph No. 29 of Plaintiff's First Amended Complaint.

30. BMC denies the allegations contained in Paragraph No. 30 of Plaintiff's First Amended Complaint.

31. BMC denies the allegations contained in Paragraph No. 31 of Plaintiff's First Amended Complaint.

32. BMC denies the allegations contained in Paragraph No. 32 of Plaintiff's First Amended Complaint.

33. BMC denies the allegations contained in Paragraph No. 33 of Plaintiff's First Amended Complaint and demands strict proof thereof.

34. BMC denies the allegations contained in Paragraph No. 34 of Plaintiff's First Amended Complaint.

35. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 35 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

36. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 36 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

37. BMC denies the allegations contained in Paragraph No. 37 of Plaintiff's First Amended Complaint and demands strict proof thereof.

38. Upon information and belief, BMC admits Paragraph No. 38 of Plaintiff's First Amended Complaint.

39. Upon information and belief, BMC admits Paragraph No. 39 of Plaintiff's First Amended Complaint.

40. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 40 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

41. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 41 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

42. BMC denies the allegations contained in Paragraph No. 42 of Plaintiff's First Amended Complaint and demands strict proof thereof.

43. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 43 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

44. BMC denies the allegations contained in Paragraph No. 44 of Plaintiff's First Amended Complaint and demands strict proof thereof.

45. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 45 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

46. BMC asserts that the allegation contained in Paragraph 46 is a matter requiring expert testimony, and demands strict proof thereof.

47. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 47 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

48. BMC asserts that the allegation contained in Paragraph 48 is a matter requiring expert testimony, and demands strict proof thereof.

49. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 49 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

50. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 50 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

51. In response to Paragraph No. 51 of Plaintiff's First Amended Complaint, BMC admits that S.L. became "upset," but is without sufficient information or knowledge regarding the cause of S.L. becoming "upset."

52. BMC denies the allegations contained in Paragraph No. 52 of Plaintiff's First Amended Complaint and demands strict proof thereof.

53. BMC admits the allegations contained in Paragraph No. 53 of Plaintiff's First Amended Complaint.

54. BMC denies the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55. BMC denies the allegations contained in Paragraph No. 55 of Plaintiff's First Amended Complaint.

56. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 56 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

57. In response to Paragraph No. 57 of Plaintiff's First Amended Complaint, BMC admits that its staff attempted to physically restrain S.L. after she became physically violent and threatening towards BMC staff.

58. In response to Paragraph No. 58 of Plaintiff's First Amended Complaint, the surveillance video to which Plaintiff refers speaks for itself. Insofar as Plaintiff's allegations contradict the surveillance video, BMC denies such allegations and demands strict proof thereof.

59. In response to Paragraph No. 59 of Plaintiff's First Amended Complaint, BMC admits that S.L. was lifted to her feet and placed against the wall, while still being restrained, as S.L. continued to be physically violent and threatening towards BMC staff.

60. In response to the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint, the surveillance video speaks for itself. Insofar as Plaintiff's allegations contradict the surveillance video, BMC denies such allegations and demands strict proof thereof.

61. In response to Paragraph No. 61 of Plaintiff's First Amended Complaint, BMC admits only that other individuals are visible on the surveillance video. BMC denies the characterization within Paragraph No. 61 that S.L. was "pushed and restrained." Any "pushing"

or "restraining" visible on the hospital video was solely the result of S.L.'s physical violence towards BMC staff.

62. In response to Paragraph No. 62 of Plaintiff's First Amended Complaint, BMC admits only that S.L.'s acts of physical violence required the assistance of multiple BMC staff to restrain S.L.

63. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 63 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

64. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 64 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

65. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 65 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

66. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 66 of Plaintiff's First Amended Complaint and, therefore, denies the same, asserts that this is a matter requiring expert testimony, and demands strict proof thereof.

67. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 67 of Plaintiff's First Amended Complaint and, therefore, denies the same and demands strict proof thereof.

68. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 68 of Plaintiff's First Amended Complaint

and, therefore, denies the same. BMC further asserts that any "fear and distress" experienced by S.L. was precipitated by S.L.'s physical violence towards BMC staff, which necessitated the use of restraints.

69. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 69 of Plaintiff's First Amended Complaint and, therefore, denies the same. BMC further asserts that any "physical pain" or "pressure" experienced by S.L. was precipitated by S.L.'s physical violence towards BMC staff, which necessitated the use of restraints.

70. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 70 of Plaintiff's First Amended Complaint and, therefore, denies the same, asserts that this is a matter requiring expert testimony, and demands strict proof thereof.

71. BMC admits the allegations contained in Paragraph No. 71 of Plaintiff's First Amended Complaint.

72. In response to the allegations contained in Paragraph No. 72 of Plaintiff's First Amended Complaint, BMC admits that S.L. was placed onto a wheeled gurney at around 8:35 p.m.

73. BMC admits the allegations contained in Paragraph No. 73 of Plaintiff's First Amended Complaint.

74. BMC admits the allegations contained in Paragraph No. 74 of Plaintiff's First Amended Complaint.

75. BMC denies the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint.

76. BMC admits the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint.

77. BMC admits the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint.

78. BMC asserts that the allegation contained in Paragraph 78 is a matter requiring expert testimony, and demands strict proof thereof.

79. BMC admits the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint.

80. BMC asserts that the allegation contained in Paragraph 80 is a matter requiring expert testimony, and demands strict proof thereof.

81. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 81 of Plaintiff's First Amended Complaint and, therefore, denies the same.

82. BMC denies the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint.

83. BMC denies the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84. BMC denies the allegations contained in Paragraph No. 84 of Plaintiff's First Amended Complaint.

85. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 85 of Plaintiff's First Amended Complaint and, therefore, denies the same.

86. BMC admits the allegations contained in Paragraph No. 86 of Plaintiff's First Amended Complaint.

87. BMC admits the allegations contained in Paragraph No. 87 of Plaintiff's First Amended Complaint.

88. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 88 of Plaintiff's First Amended Complaint.

89. BMC denies the allegations contained in Paragraph No. 89 of Plaintiff's First Amended Complaint.

90. BMC denies the allegations contained in Paragraph No. 90 of Plaintiff's First Amended Complaint.

91. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 91 of Plaintiff's First Amended Complaint.

92. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 92 of Plaintiff's First Amended Complaint.

93. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 93 of Plaintiff's First Amended Complaint.

94. Upon information and belief, BMC admits the allegations contained in Paragraph No. 94 of Plaintiff's First Amended Complaint.

95. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 95 of Plaintiff's First Amended Complaint.

96. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 96 of Plaintiff's First Amended Complaint.

97. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 97 of Plaintiff's First Amended Complaint.

98. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 98 of Plaintiff's First Amended Complaint.

99. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 99 of Plaintiff's First Amended Complaint.

100. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 100 of Plaintiff's First Amended Complaint.

101. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 101 of Plaintiff's First Amended Complaint.

102. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 102 of Plaintiff's First Amended Complaint.

103. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 103 of Plaintiff's First Amended Complaint.

104. BMC is without knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph No. 104 of Plaintiff's First Amended Complaint.

## COUNT I

105. In response to Paragraph No. 105 of Plaintiff's First Amended Complaint, BMC incorporates its responses to Paragraphs 1-104 as if fully restated herein.

106. Paragraph No. 106 of Plaintiff's First Amended Complaint is a legal conclusion to which no response is required on behalf of BMC.

107. BMC denies the allegations contained in Paragraph No. 107 of Plaintiff's First Amended Complaint.

108. In response to Paragraph No. 108, BMC states that it was aware that S.L.'s mother represented that S.L. was a "person with a disability," but whether this is accurate is a disputed issue of fact. Accordingly, BMC denies same and demands strict proof thereof.

109. BMC admits that Paragraph No. 109 of Plaintiff's First Amended Complaint is an accurate recitation of 42 U.S.C. § 12182(a). BMC denies that it discriminated against S.L. on the basis of a disability.

110. BMC admits that Paragraph No. 110 of Plaintiff's First Amended Complaint is an accurate recitation of 42 U.S.C. § 12182(b)(1)(A)(ii). BMC denies that it discriminated against S.L. on the basis of a disability.

111. BMC admits that Paragraph No. 111 of Plaintiff's First Amended Complaint is an accurate recitation of 42 U.S.C. § 12182(b)(2)(A)(ii). BMC denies that it discriminated against S.L. on the basis of a disability.

112. BMC denies the allegations contained in Paragraph No. 112 of Plaintiff's First Amended Complaint.

113. In response to Paragraph No. 113 of Plaintiff's First Amended Complaint, BMC incorporates its responses to Paragraphs 32-49 and 90-92 as if fully restated herein.

114. Paragraph No. 114 is a legal conclusion to which no response is required on behalf of BMC. To the extent a response is deemed necessary, BMC denies same and demands strict proof thereof.

115. Paragraph No. 115 is a legal conclusion to which no response is required on behalf of BMC. To the extent a response is deemed necessary, BMC denies same and demands strict proof thereof.

116. Paragraph No. 116 is a legal conclusion to which no response is required on behalf of BMC. To the extent a response is deemed necessary, BMC denies same and demands strict proof thereof. By way of further answer, BMC specifically denies that it treated S.L. in a discriminatory manner and denies any alleged violations of the Americans with Disabilities Act.

117. Paragraph No. 117 is a legal conclusion to which no response is required on behalf of BMC. To the extent a response is deemed necessary, BMC denies same and demands strict proof thereof. By way of further answer, BMC specifically denies that it treated S.L. in a discriminatory manner and denies any alleged violations of the Americans with Disabilities Act.

118. BMC denies the allegations contained in Paragraph No. 118 of Plaintiff's First Amended Complaint.

119. BMC denies the allegations contained in Paragraph No. 119 of Plaintiff's First Amended Complaint.

120. BMC denies the allegations contained in Paragraph No. 120 of Plaintiff's First Amended Complaint.

121. BMC denies the allegations contained in Paragraph No. 121 of Plaintiff's First Amended Complaint.

122. BMC denies the allegations contained in Paragraph No. 122 of Plaintiff's First Amended Complaint.

123. BMC denies the allegations contained in Paragraph No. 123 of Plaintiff's First Amended Complaint.

## COUNT II

124. In response to Paragraph No. 124 of Plaintiff's First Amended Complaint, BMC incorporates its responses to Paragraphs 1-123 as if fully restated herein.

125. Upon information and belief, BMC admits Paragraph No. 125.

126. BMC admits that Paragraph No. 126 of Plaintiff's First Amended Complaint is an accurate recitation of 29 U.S.C. § 794(a). BMC denies that it violated 29 U.S.C. § 794(a).

127. BMC admits that Paragraph No. 127 of Plaintiff's First Amended Complaint is an accurate recitation of 45 C.F.R. § 84.4(b)(ii). BMC denies that it violated 45 C.F.R. § 84.4(b)(ii).

## COUNT III

Pursuant to the Court's Order dated February 22, 2019, Count III is dismissed and no response on behalf of BMC to Paragraphs 128-134 is necessary.

## COUNT IV

Pursuant to the Court's Order dated February 22, 2019, Count IV is dismissed and no response on behalf of BMC to Paragraphs 135-138 is necessary.

## PRAYER FOR RELIEF

BMC denies all allegations asserted against it in the Prayer for Relief, including all subparagraphs of same, and denies that Plaintiff is entitled to any of the relief requested therein.

## **THIRD DEFENSE**

Plaintiff was not discriminated against on the basis of her disability in accordance with 42 U.S.C. § 12182(a) and 29 U.S.C. § 794(a).

## **FOURTH DEFENSE**

Plaintiff has failed to link the alleged discriminatory conduct to the Plaintiff's disability in accordance with 42 U.S.C. § 12182(b)(1)(A)(i).

## **FIFTH DEFENSE**

Plaintiff's requested accommodations were not reasonable in accordance with 42 U.S.C. § 12182(b)(2)(A)(ii).

### SIXTH DEFENSE

Plaintiff's requested accommodations would fundamentally alter the nature of BMC's services in accordance with 42 U.S.C. § 12182(b)(2)(A)(iii).

### SEVENTH DEFENSE

BMC provided service equal to that which would have been afforded to other individuals in accordance with 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii) and 45 C.F.R. § 84.4(b)(ii).

### EIGHTH DEFENSE

BMC provided Plaintiff with an equal opportunity to obtain the same result, or gain the same benefit, from its services as a non-disabled person would have had in accordance with 45 C.F.R. § 84.4(b)(ii).

### NINTH DEFENSE

Not being fully advised as to all facts and circumstances surrounding the allegations contained in Plaintiff's First Amended Complaint, BMC hereby invokes and asserts all other affirmative defenses which may prove applicable herein, including, but not necessarily limited to, those defenses specifically set forth in Rule 8(c) of the Federal Rules of Civil Procedure and Title III of the Americans with Disabilities Act and the Rehabilitation Act.

### TENTH DEFENSE

Any and all matters in Plaintiff's First Amended Complaint not expressly admitted herein are deemed denied and strict proof is called for thereon.

### ELEVENTH DEFENSE

By virtue of the matters set forth in Plaintiff's First Amended Complaint, and all of the defenses set forth herein, Plaintiff is not entitled to recover punitive damages against BMC, now or in the future, for the reason that the alleged conduct of BMC cannot be determined in any

manner to have been in willful, wanton, or reckless disregard of the rights of the Plaintiff, nor did BMC willfully, wantonly, or recklessly commit any tortious acts against the Plaintiff.

## TWELFTH DEFENSE

Plaintiff's First Amended Complaint, to the extent that it seeks punitive damages from BMC, now or in the future, violates BMC's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and, therefore, fails to state a cause of action upon which punitive damages can be awarded.

## THIRTHEENTH DEFENSE

The Plaintiff's First Amended Complaint, to the extent it seeks punitive damages from BMC, violates BMC's rights to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and Article 3 and violates BMC's rights to substantive due process as provided in the Fifth and Fourteenth Amendment of the United States Constitution and, therefore, fails to state a cause of action upon which punitive damages can be awarded.

## FOURTEENTH DEFENSE

Plaintiff's First Amended Complaint, or parts of it, may be barred by the applicable statute of limitations.

## FIFTEENTH DEFENSE

The physicians or advanced practice providers who provided medical care to Plaintiff were not and are not agents, servants, or employees of City Hospital, Inc. d/b/a Berkeley Medical Center and City Hospital, Inc. d/b/a Berkeley Medical Center is not vicariously or otherwise liable for the alleged negligence of said non-employee physicians or advanced practice providers, if any.

## SIXTEENTH DEFENSE

The alleged damages suffered by Plaintiff, if any, were not proximately caused by any act or omission of BMC, or its agents, servants, and employees, and may have been caused by the acts or omissions of Plaintiff.

**WHEREFORE**, Defendant City Hospital, Inc. d/b/a Berkeley Medical Center, a Subsidiary of West Virginia University Hospitals-East, Inc., d/b/a University Healthcare respectfully requests that the Court dismiss this civil action and award it its attorney fees and costs associated with the defense of this action.

> **CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER, A subsidiary of WEST VIRGINIA UNIVERSITY HOSPITALS-EAST, INC., d/b/a UNIVERSITY HEALTHCARE**
>
> **By Counsel**

s/ Joshua Boggs
Christine S. Vaglienti (W. Va. State Bar ID #4987)
Joshua K. Boggs (W. Va. State Bar ID #10096)
Lauren T. Krupica (W. Va. State Bar ID #11719)
**WEST VIRGINIA UNITED HEALTH SYSTEM, INC.**
West Virginia University Hospitals, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, West Virginia 26505
Telephone: 304/598-4070
Facsimile: 304/598-9888
joshua.boggs@wvumedicine.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., A MINOR, BY AND THROUGH
HER PARENT AND LEGAL GUARDIAN D.L.

      **Plaintiff,**

v.                                                                               **CIVIL ACTION NO. 3:18-CV-162**
                                                                                **(Groh)**

CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE,

      **Defendant.**

## CERTIFICATE OF SERVICE

I, Joshua K. Boggs, do hereby certify that I have *electronically filed* and caused to be served this 8th day of March, 2019, the foregoing "**DEFENDANT CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER, A SUBSIDIARY OF WEST VIRGINIA UNIVERSITY HOSPITALS-EAST, INC. d/b/a UNIVERSITY HEALTHCARE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**" via the United States Northern District Court for the Northern District of West Virginia's CM/ECF:

                        Shawna White
             Disability Rights of West Virginia
                 1207 Quarrier Street
                 Charleston, WV 25301
                              &
                     Samantha Crane
            Autistic Self Advocacy Network
          1010 Vermont Avenue, Suite 618
               Washington, DC 20005
                ***Counsel for Plaintiff***

                                                /s/ Joshua Boggs
                                          Joshua K. Boggs (W. Va. State Bar No. 10096)