IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., A MINOR, BY AND THROUGH
HER PARENT AND LEGAL GUARDIAN D.L.

**Plaintiff,**

v.                                    CIVIL ACTION  NO. 3:18-CV-162
                                              (Groh)

**CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,**
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE,

           **Defendant.**

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOLLOWING FILING OF NOTICE OF CLAIM AND STATEMENT SETTING FORTH THE BASIS OF ALLEGED LIABILITY**

NOW COMES Plaintiff, S.L., by and through her counsel, and submits this Reply in support of her motion to file a Second Amended Complaint.

On February 22, 2019, this Court entered its Order Granting Motion to Dismiss in Part (hereinafter "Order"). This Court denied Defendant's Motion to Dismiss with respect to Counts I and II. Order at 9, 10, 11, and 12. Counts I and II concerned federal law and this Court held that they were not subject to the pre-suit requirements of the West Virginia Medical Professional Liability Act (MPLA), W. Va. Code §§ 55-7B-1, *et seq*. This Court granted Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint without prejudice, Order at 9, 11, and gave Plaintiff 30 days after its Order to comply with the requirements of the MPLA.

On March 22, 2019, in accordance with this Court's order, Plaintiff's counsel submitted its Notice of Claim (hereinafter "Notice" or "Notice of Claim"), in accordance with the requirements of W. Va. Code §55-7B-6(c), and its Motion for Leave to File Second Amended Complaint Following Filing of Notice of Claim and Statement Setting Forth the Basis of Alleged Liability (hereinafter "Pl.'s Mot."). Plaintiff's motion requested permission to 1) re-file Counts III and IV after submitting her Notice of Claim, and 2) make minor amendments to Count II (Rehabilitation Act) by adding in paragraphs that had been inadvertently omitted in the Initial and First Amended Complaints. On March 28, 2019, Defendant filed its "Response In Opposition To Plaintiff's Motion For Leave To File A Second Amended Complaint Following Filing of Notice of Claim and Statement Setting Forth the Basis of Alleged Liability" (hereinafter "Def.'s Opp'n").

Defendant opposes only the re-filing of Plaintiff's state-law claims. Defendant's opposition raises concerns regarding the timing of the re-filing of these claims, as well as substantive concerns regarding the type of evidence that will be necessary to prove Plaintiff's state-law claims. Defendant does not oppose Plaintiff's request to amend Count II, regarding Plaintiff's Rehabilitation Act claims. This court should therefore grant Plaintiff's request to amend Count II of the complaint, permit the parties to meet to discuss Defendant's challenges to the sufficiency of the Notice of Claim, and to re-file Counts III and IV within the time period prescribed by the MPLA. W. Va. Code § 55-7B-6(h).

**I. Defendant has not opposed Plaintiff's requested amendments to her Rehabilitation Act claim.**

Defendant has not objected to Plaintiff's request to amend Count II, concerning violations of the Rehabilitation Act, nor could Defendant reasonably object to the request. Pl.'s Proposed Second Am. Compl. at ¶¶ 124-131, Def.'s Opp'n at 2. This Court recently ruled that Count II is not subject to the pre-suit requirements of the MPLA. Order at 8. The requested amendments would merely add brief paragraphs which were omitted during Plaintiff's initial submission of the Amended Complaint, and do not substantially alter Plaintiff's claims in Count II. Plaintiff

therefore respectfully requests that the Court grant Plaintiff's Motion for Leave with respect to Count II.

**II. Defendants had adequate notice of Plaintiff's state-law claims as set forth in Counts III and IV. Nonetheless, Plaintiff is willing to re-file these claims on April 22.**

Defendant argues that Plaintiff's motion to re-file Counts III and IV was premature following Plaintiff's submission of her Notice of Claim. Def.'s Opp'n at 3, 4, 5. Defendant notes that the MPLA requires a thirty-day waiting period after the filing of a Notice of Claim. W. Va. Code § 55-7B-6(b).

Although Plaintiff acknowledges this provision of the MPLA, Plaintiff's Notice of Claim contains no new information beyond the contents of Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, which was filed in December 2018. In particular, Plaintiff stated in that brief that Counts III and IV arise from a well-established theory of liability and that no expert testimony would be necessary. Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss at 6.

As a result, Plaintiff did not anticipate that Defendant would object to the timing of the re-filing of Counts III and IV. Nevertheless, in light of Defendant's objection and its intent to challenge the sufficiency of the Notice of Claim, Plaintiff requests that the Court permit the parties to meet to discuss these concerns within the time period prescribed by the MPLA.

**III. Defendant's challenge to the sufficiency of Plaintiff's Notice of Claim should not be resolved at this juncture.**

The MPLA requires that, in situations in which Plaintiff's claim for relief is based upon "upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care," that Plaintiff file a "statement specifically setting forth

the basis of the alleged liability… in lieu of a screening certificate." W. Va. Code § 55-7B-6(c). Plaintiff has done so in the Notice of Claim filed on March 22.

Defendant now argues that Plaintiff's state-law claims will in fact require expert testimony to prove. As Defendant acknowledges, however, before a defendant can challenge the legal sufficiency of a notice of claim, the plaintiff "must have been given written and specific notice of, and an opportunity to address and correct, the alleged insufficiencies." Def.'s Opp'n at 3-4, quoting *Westmoreland v. Vaidya*, 222 W. Va. 205, 210, 664 S.E.2d 90, 95 (2008). Defendant articulates a response to the arguments made in the Notice only to the extent that it wishes to preserve its objections. Def.'s Opp'n at 4. Plaintiff therefore requests that the Court permit the parties to discuss Defendant's objections and, if necessary, re-file Counts III and IV within the time period prescribed by the MPLA. W. Va. Code § 55-7B-6(h).

Moreover, Defendant's challenge to the sufficiency of Plaintiff's Notice of Claim relies heavily on facts that are in dispute and with respect to which discovery has not even commenced, in particular its claim that Plaintiff was "violent" and "combative." *See, e.g.*, Def.'s Opp. at 6-7. Nevertheless, at the pleading stage, the court must "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). Plaintiff's Second Amended Complaint clearly states that Plaintiff did *not* act aggressively toward hospital staff and merely had attempted to refuse treatment and exit the treatment room. Second Am. Compl. ¶¶ 53, 54, Notice of Claim at 3, Pl.'s Resp. Mem. in Opp'n to Def's Mot. to Dismiss at 6 ("...and in the absence of any exigent circumstances…").

No expert testimony is needed to establish that, in the absence of immediate risk to self or others, hospital staff's choice to restrain S.L. and forcibly inject her with medication constituted a battery and resulted in the infliction of emotional distress.[1] *W. Va. Fire & Cas. Co. v. Stanley*,

---

[1] Plaintiff nevertheless does not waive her right to introduce expert testimony as necessary to rebut any expert testimony that Defendant may introduce with respect to Plaintiff's state-law claims; nor does Plaintiff waive her right to introduce expert testimony on restraint and seclusion as necessary to prove liability as to Counts I and II, or as necessary to address the appropriateness of monetary damages or injunctive relief with respect to any of her claims.

216 W. Va. 40, 51, 602 S.E.2d 483, 494 (2004) ("An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results.") (quoting Restatement (Second) of Torts, § 13 (1965)); *id.* at 52 (defining intentional infliction of emotional distress as "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm") (quoting *Syllabus Point 6 of Harless v. First Nat. Bank In Fairmont*, 169 W.Va. 673, 289 S.E.2d 692 (1982)). In fact, with respect to hospital staff's choice to administer treatment without S.L. or D.L.'s consent, Defendant admits that administering treatment without consent can *per se* give rise to a claim of battery. Def.'s Opp'n at 8.

Plaintiff's state-law claims concern hospital staff's discriminatory use of restraint and forcible medication on a child who clearly posed no danger to herself or others, over the objections of her legal guardian. Defendant cannot simply assert that Plaintiff was dangerous, or that the determination of dangerousness was a close call requiring careful medical judgment, in order to dismiss these claims at the pleading stage. West Virginia courts recognize that "a court should not allow a party to use a procedural device to thwart a decision on the merits," *Boggs v. Camden-Clark Mem'l Hosp. Corp.,* 216 W. Va. 656, 661 (2004), and consider the MPLA to be a "procedural device." *Gray v. Mena,* 218 W. Va. 564, 570-571 (2005) (" ... the medical malpractice statute should not be unnecessarily utilized as an instrument to prevent adjudication …"); *Boggs,* 216 W. Va. at 661, 662. Defendant's claims that Plaintiff was violent and combative, and that the decision to restrain her was a careful exercise of medical judgment, are not currently ripe for adjudication.

Plaintiff therefore requests that the Court (1) enter an order granting Plaintiff's motion to amend the Complaint as to Count II, and (2) permit Plaintiff to withdraw her motion to amend the Complaint as to Counts III and IV and to re-file these portions of the complaint, if appropriate, within the time frame prescribed by the MPLA.

Respectfully submitted this 4th day of April, 2019,

/s/ Shawna White\_\_\_\_
Shawna White  Bar No. 10893
Disability Rights of WV
1207 Quarrier Street
Litton Building, Suite 400
Charleston, WV 25301
(304) 346-0847


/s/ Samantha A. Crane_____
Samantha A. Crane, *pro hac vice*
Autistic Self Advocacy Network
1010 Vermont Ave. NW, Suite 618
Washington, DC 20005
(202) 509-0135