**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**S.L., a minor, by and through her**
**parent and legal guardian, D.L.,**

      Plaintiff,

**v.**                                                                                   **CIVIL ACTION NO.: 3:18-CV-162**
                                                   **(GROH)**

**CITY HOSPITAL, INC. d/b/a BERKELEY**
**MEDICAL CENTER, a subsidiary of West**
**Virginia University Hospitals-East, Inc.**
**d/b/a WV UNIVERSITY HEALTHCARE,**

      Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT IN PART**

Now before the Court is the Plaintiff's Motion for Leave to File Second Amended

Complaint Following Filing of Notice of Claim and Statement Setting Forth the Basis of

Alleged Liability [ECF No. 30], filed on March 22, 2019.   The Defendant filed a response

in opposition to the Plaintiff's motion [ECF No. 32] on March 28, 2019.   The Plaintiff filed

a reply [ECF No. 35] on April 4, 2019.   Accordingly, the matter has been fully briefed and

is now ripe for review.   For the following reasons, the motion is granted in part.

**I. Factual Background**

This lawsuit arises from an incident ("the incident") occurring at the Berkeley

Medical Center ("BMC").   The circumstances surrounding that incident are as follows.[1]

The Plaintiff is a thirteen-year-old child diagnosed with autism, attention deficit

---

[1] For a motion to dismiss, the Court must assume that the Plaintiff's "well-pleaded factual allegations" are true.   Accordingly, the Court recites the facts as alleged in the First Amended Complaint.   ECF No. 9. The Defendant contests the accuracy of this factual summary.

hyperactivity disorder, a mild intellectual disability and an anxiety disorder.   On October 12, 2016, the Plaintiff stepped on a fence post, which pierced the sole of her shoe, and injured her right foot.   Thereafter, the Plaintiff's mother sought treatment for the Plaintiff at the BMC Emergency Department.   The Plaintiff's mother informed BMC staff that her child was autistic and provided the staff with a list of medications that the Plaintiff took on a regular basis.   BMC medical staff informed the Plaintiff's mother that the Plaintiff needed sutures.   At that time, the Plaintiff's mother explained that the Plaintiff would likely experience severe anxiety while receiving the sutures due to the Plaintiff's disabilities.   Therefore, the Plaintiff's mother requested that the staff administer oral Ativan, a sedative, and topical Lidocaine, an anesthetic, to alleviate the Plaintiff's anxiety. The Plaintiff's mother shared the Plaintiff's pediatrician's contact information with BMC staff so that the Plaintiff's pediatrician could confirm that the Plaintiff needed the accommodations requested.

Despite the Plaintiff's mother's requests, BMC staff did not provide the oral Ativan or topical Lidocaine, stating that there was "no time" to do so.   The Plaintiff became upset, and the Plaintiff's mother withdrew consent for treatment.   Thereafter, the Plaintiff attempted to exit the patient care room.   At that time, BMC staff physically restrained the Plaintiff by pushing her to the floor of the hallway.   The Plaintiff's mother asked BMC staff to stop restraining her daughter, to which the staff responded that the Plaintiff was "psychotic" and in need of restraint.   BMC staff then placed the Plaintiff on a gurney and continued to restrain her by holding her wrists and ankles.   The Plaintiff was transported to "Room 23," a locked room used for patients in psychiatric crisis.   Then BMC staff

administered an injection of Ativan, a sedative, and Geodon, an antipsychotic medication. Following these injections, BMC staff administered a Lidocaine injection and sutures.

Based on this incident, the Plaintiff filed the instant complaint which alleges: (1) Americans with Disabilities Act ("ADA") Violations; (2) Rehabilitation Act Violations; (3) Intentional Infliction of Emotional Distress ("IIED"); and (4) Battery.   On November 30, 2018, the Defendant filed a motion to dismiss.   ECF No. 19.   The Court granted the motion in part [ECF No. 26] and dismissed Counts III and IV of the Plaintiff's complaint without prejudice for failure to comply with the notice requirements of West Virginia Code § 55-7B-6(c).   The Court granted the plaintiff 30 days to comply with the provisions of the code.

Now, the Plaintiff moves to file her second amended complaint.   ECF No.  30. Therein, the Plaintiff realleges Counts III and IV and adds two sentences, which were inadvertently omitted from the first amended complaint, to Count II.   Id.   The Defendant opposes the motion, arguing that the Plaintiff still has not complied with the notice requirements of West Virginia Code § 55-7B-6(c).   ECF No. 32.

## II. Applicable Legal Standards

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days after service of the pleading, service of a responsive pleading or service of a motion under Rule 12(b), (e) or (f).   Fed. R. Civ. P. 15(a)(1).   "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."   Fed. R. Civ. P. 15(a)(2).   A court "should freely give leave when justice so requires."   Id.

Specifically, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."   Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal citations omitted).

Regarding prejudice, the Fourth Circuit has stated that:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.  A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.  An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Laber, 438 F.3d at 427 (quotations and citations omitted).   However, delay alone is an insufficient reason to deny leave to amend.  Id.   As to futility, a court should deny a motion to amend a complaint as futile if it is apparent that "the proposed amendments could not withstand a motion to dismiss."   Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995)).   Finally, with respect to bad faith, "[b]ad faith includes seeking to amend a complaint for an improper purpose."   Wilkins v. Wells Fargo Bank, N.A., 320 F.R.D. 125, 127 (E.D.V.A. 2017) (citing Peamon v. Verizon Corp., 581 Fed. Appx. 291, 292 (4th Cir. 2014), U.S. ex rel. Nathan v. Takeda Pharm. N. Am. Inc., 707 F.3d 451, 461 (4th Cir. 2013)).

### III. Discussion

The Defendant does not oppose the Plaintiff's amendments with respect to Count II.   It does not appear that these amendments are prejudicial, futile, or made in bad faith. Accordingly, leave to amend with respect to Count II is **GRANTED**.

The Defendant argues that the motion to amend as to Counts III and IV should be denied because the Plaintiff has yet to comply with the pre-suit requirements of the West Virginia Medical Professional Liability Act ("MPLA").   The MPLA requires that, at least thirty days prior to filing a medical professional liability action, "the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation."   W. Va. Code § 55-7B-6(b).   In this case, the Plaintiff served her notice of claim and her motion for leave amend on the same day.   ECF No. 29, 30.   Accordingly, the Plaintiff failed to wait the requisite 30-day period after serving the notice of claim before filing her motion for leave to amend.   This failure deprived the Defendant of an opportunity to seek pre-suit mediation and to object to any deficiencies in the notice of claim.

Because the Plaintiff did not serve her notice of claim 30 days prior to filing her motion for leave to amend, the Plaintiff has not complied with the requirements of the MPLA.   Because the Plaintiff has not complied with the MPLA, Counts III and IV of the Plaintiff's second amended complaint cannot withstand a motion to dismiss, for the same reasons provided in the Court's previous order granting the Defendant's motion to dismiss.   See ECF No. 26.   Therefore, the motion for leave to amend as to Counts III and IV is futile.   Accordingly, leave to amend as to Counts III and IV is **DENIED**.

### IV. Conclusion

For the aforementioned reasons, the Court **ORDERS** that the Plaintiff's Motion to Amend [ECF No. 30] is **GRANTED IN PART**.   Specifically, the Plaintiff is granted leave to amend Count II only.   The Plaintiff is **DIRECTED** to file an amended complaint

reflecting the changes to Count II by **April 12, 2019**.

The Plaintiff may refile her motion for leave to amend Counts III and IV <u>after</u> complying with the MPLA.   Because the Defendant has been deprived an opportunity to address the notice of claim and instead has been required to respond to the instant motion, the Court **ORDERS** that the time limits prescribed by the MPLA begin running from the date of the entry of this order—<u>not</u> the date that Defendant was served with the notice of claim.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** April 8, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE