IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., A MINOR, BY AND THROUGH
HER PARENT AND LEGAL GUARDIAN D.L.

    **Plaintiff,**

v.                                    **CIVIL ACTION NO. 3:18-CV-162**
                                        **(Groh)**

**CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,**
**A subsidiary of WEST VIRGINIA UNIVERSITY**
**HOSPITALS-EAST, INC., d/b/a**
**WV UNIVERSITY HEALTHCARE,**

    **Defendant.**

## REPORT OF PARTIES' PLANNING MEETING

### I. Participants

The following persons participated in a telephonic conference pursuant to Federal Rules of Civil Procedure 16 and 26(f) and Local Rule of Civil Procedure 16.01(b): for Defendant, City Hospital, Inc. d/b/a Berkeley Medical Center, a Subsidiary of West Virginia University Hospitals-East, Inc., d/b/a WV University Healthcare, Joshua K. Boggs and Lauren T. Krupica. For Plaintiff, S.L., a minor, by and through her parent and legal guardian, D.L., Shawna White and Samantha Crane.

### II. Initial Disclosures

The Parties will exchange their Rule 26(a)(1) Initial Disclosures on or before May 13, 2019 in accordance with this Court's First Order and Notice Regarding Discovery and Scheduling Conference.

## III. Discovery Plan

### a) Subjects on which discovery will be needed:

Defendant anticipates seeking discovery on the following non-exhaustive list of topics:

1. D.L.'s personal history— current/past residences; work history; marriages; children; legal/criminal history, etc.;
2. S.L.'s complete medical history;
3. S.L.'s current medication list;
4. S.L.'s complete education history— schools attended, IEP's, behavioral/disciplinary record, academic record;
5. S.L./D.L's previous experiences with BMC;
6. S.L./D.L.'s previous experiences with other healthcare providers/hospitals;
7. Information and all knowledge of Laurie Loy regarding the subject of this suit and S.L. and D.L. generally;
8. S.L. and D.L.'s recollections of the September 9, 2014 visit to BMC;
9. S.L. and D.L.'s recollections of the October 12, 2016 visit to BMC and all allegations brought forth in the First Amended Complaint;
10. All relevant healthcare providers' recollections of the October 12, 2016 visit to BMC;
11. D.L.'s grant(s) and withdrawal(s) of consent to treat S.L. during the subject incident;
12. S.L.'s experience of side effects on October 13, 2016;
13. D.L. and S.L.'s damages and all persisting effects of the subject incident;

       14. S.L.'s continued fear of doctors and any and all effects that has had on her mental and physical health.

Plaintiff reserves the right to object to Defendant's discovery requests, including but not limited to objections that the requests are privileged, overly broad, unduly burdensome, not reasonably related to any claim or defense, or already reasonably available to Defendant.

Plaintiff anticipates seeking discovery on the following non-exhaustive list of topics:

1. Documentation pertaining to S.L.'s September 9, 2014 visit to BMC and recollections of the medical personnel who S.L. and D.L. consulted with, particularly with respect to the application of anesthetic cream prior to the treatment S.L. received;

2. Whether BMC receives federal funding of any kind, including any payments received from federal Medicaid programs;

3. The names and titles of all individuals affiliated with BMC who interacted with S.L. and D.L. in any way on October 12, 2016;

4. The relationship between these individuals and BMC, including but not limited to the extent to which BMC exercises control over those individuals' activities, any contracts pertaining to their relationship with BMC, and any policies or other preconditions that BMC imposes on individuals who practice at BMC;

5. All relevant individuals' recollections of the October 12, 2016 visit to BMC;

6. Video and audio recordings pertaining to the events of October 12, 2016;

7. Drug inventory records covering the date of October 12, 2016;

8. BMC's policies and practices ensuring compliance with Section 504 of the Rehabilitation Act;

9. BMC's policies and practices ensuring compliance with Title III of the Americans with Disabilities Act, including policies which relate to: (a) reasonable accommodations, and (b) ensuring that individuals with disabilities receive a benefit equal to that afforded to other individuals;

10. BMC's policies and practices with respect to informed consent to treatment;

11. BMC's policies and practices with respect to leaving the hospital against medical advice;

12. BMC's policies and practices on restraint/seclusion;

13. Any training that BMC security personnel received with respect to the avoidance of restraint and seclusion, whether before or after the events of October 12, 2016;

14. The hospital's process of evaluating whether or not a patient is a threat to themselves or others, particularly with relation to hospital staff.

Defendant reserves the right to object to Plaintiff's discovery requests, including but not limited to objections that the requests are privileged, overly broad, unduly burdensome, not reasonably related to any claim or defense, or already reasonably available to Plaintiff.

 **b) Date Discovery Commences:**

Commencement of discovery is dependent on the Court's ruling on Plaintiff's Motion for Leave to File Second Amended Complaint Following Filing of Notice of Claim and Statement Setting Forth the Basis of Alleged Liability. Should the Court grant Plaintiff's Motion for Leave, BMC anticipates filing a Motion to Dismiss Counts III and IV. Accordingly, it is anticipated that discovery will commence after these disputes are resolved. For purposes of the initial meeting, it is anticipated that discovery will commence no later than June 1, 2019.

 **c) Date Discovery must be Completed:**

Discovery shall be completed on Monday, June 1, 2020.

### d) Maximum Number of Interrogatories and Deadlines for Response:

Due to the broad nature of the factual allegations and legal causes of action asserted in this case, the parties propose that each party be permitted to serve forty (40) interrogatories during the pendency of this litigation. The due date of interrogatories shall be thirty (30) days within being served with the Interrogatories, as permitted under Federal Rule of Civil Procedure Rule 33.

### e) Maximum Number of Requests for Admission:

The Parties anticipate needing no greater than fifty (50) Requests for Admission each and reserve the right to seek to issue additional Requests for Admission as reasonably necessary. Responses to Requests for Admission will be due within thirty (30) days after being served with the Requests for Admission in accordance with Federal Rule of Civil Procedure Rule 36.

### f) Maximum Number of Requests for Production of Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes:

The Parties anticipate needing no greater than fifty (50) Requests for Production of Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes each and reserve the right to seek to issue additional such requests as reasonably necessary. Responses to Requests for Production of Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes will be due within thirty (30) days after being served with the Requests for Admission in accordance with Federal Rule of Civil Procedure Rule 34. The Parties reserve the right to request extension of this deadline for good cause.

### g) Maximum Number of Depositions:

Defendant anticipates that it will need a maximum of fifteen (15) depositions. Plaintiff also anticipates that it will need a maximum of fifteen (15) depositions. Both parties, however, reserve the right to request additional depositions if additional witnesses are identified during the course of discovery.

### h) Length of Deposition:

The Parties anticipate that they will require seven (7) hours to take each fact witness's deposition. Plaintiff reserves the right to request additional time for expert depositions, up to fourteen (14) hours. Defendant asserts that expert depositions should also be subject to the seven (7) hour limit anticipated by Federal Rule of Civil Procedure 30(d)(1) and reserves the right to object to a fourteen (14) hour deposition as unduly burdensome, unnecessary, and excessive.

### i) Deadlines for Exchanging Reports of Expert Witnesses:

The parties propose that Plaintiff shall disclose her expert(s) three months before discovery completion, Monday, March 2, 2020, and Defendant shall disclose its experts two months before discovery completion, Monday, April 1, 2020.

### j) Dates for Supplementation under Rule 26(e):

The Parties agree to supplement their discovery responses in a timely manner, as required by Rule 26(e).

## IV. Other Items

### a) A Date if the Parties Ask to Meet and Confer with the Court before a Scheduling Order:

The Parties do not request a date to meet and confer with the Court before a Scheduling Order is produced.

### b) Requested Date for Pretrial Conference:

The Parties propose Friday, September 11, 2020, for the Pretrial Conference, which is two (2) weeks before Trial.

### c) Final Dates for Plaintiff to amend Pleadings or to Join Parties:

The Parties propose Monday, March 23rd, 2020, for the final date for Plaintiff to amend pleadings or join parties, which is ten (10) weeks before discovery completion.

### d) Final Dates for Defendant to amend Pleadings or to Join Parties:
The Parties propose Monday, March 23rd, 2020, for the final date for Defendant to amend pleadings or join parties, which is ten (10) weeks before discovery completion.

### e) Final Dates to File Dispositive Motions:

The Parties propose Wednesday, July 1, 2020, for the filing of dispositive motions, which is ten (10) weeks before the proposed Final Pretrial Conference.

### f) State the Prospects for Settlement:

The Parties have not yet discussed settlement prospects and will be in a better position to do so as discovery is exchanged.

### g) Identify any Alternative Dispute Resolution Procedure that may enhance Settlement Prospects:

The Parties intend to engage in mediation prior to Friday, September 4, 2020.

### h) Final Dates for Submitting Federal Rule of Civil Procedure 26(a)(3) Witness Lists, Designation of Witnesses whose Testimony will be Presented by Deposition, and Exhibit Lists:

The Parties propose Tuesday, August 11, 2020, for the final date for submission of Federal Rule of Civil Procedure 26(a)(3) Witness Lists, Designation of Witnesses whose Testimony will be Presented by Deposition, and Exhibit Lists, which is one month before the Final Pretrial Conference.

### i) Final Dates to File Objections under Federal Rule of Civil Procedure 26(a)(3):

The Parties propose Friday, September 4, 2020, for the final date to file objections under Federal Rule of Civil Procedure 26(a)(3), which is two weeks before the Final Pretrial Conference.

### j) Suggested Trial Date and Estimate of Length of Trial:

The Parties propose Tuesday, October 6, 2020, for trial and the estimated length is five (5) days.

### k) Other Matters:

Plaintiff filed a Motion for Leave to File Second Amended Complaint Following Filing of Notice of Claim and Statement Setting Forth Basis of Alleged Liability on March 22, 2019, to which Defendant filed a Response on March 28, 2019, and Plaintiff filed a reply on April 4, 2019. On April 8, 2019, the Court granted Plaintiff's Motion in part to permit her to file her Second Amended Complaint to amend only Count II. The Court rejected Plaintiff's Motion to amend Counts III and IV in order to give Defendant the opportunity to provide Plaintiff with notice of its objections to Plaintiff's Notice of Claim. Should Plaintiff refile Counts III and IV without a Certificate of Merit, Defendant anticipates filing a Motion to Dismiss based on same.

## V. Local Rule of Civil Procedure 16.01(b) Analysis

### a) Case Management Conference:

This case is not complex or appropriate for monitoring in an individualized and case specific manner. As such, case management conferences are not necessary.

### b) Disputed Facts that have been Alleged with Particularity:

Defendant contends that the disputed facts consist of the following allegations contained in Plaintiff's First Amended Complaint:

1. Was Plaintiff granted "accommodations" during a September 9, 2014, Emergency Department visit or whether such treatment was provided in accordance with the provider's professional medical judgment without particular consideration given to her disability?

2. Did the nurse who is alleged to have approached S.L. with a tray of suturing supplies state that she could not provide the requested treatment modalities because there was "no time"?

3. Whether S.L. had been in the E.D. for two hours by the time the nurse allegedly stated that there was "no time" to perform the treatment modalities requested?

4. Whether there was a medical contraindication to the administration of Ativan or topical anesthetic cream?

5. Did BMC staff, at any time, state that the administration of Ativan or topical anesthetic cream were medically contraindicated?

6. Whether Ativan and topical anesthetic cream are "typically readily available at emergency room departments"?

7. Did BMC staff state that the above medications were unavailable after the alleged request was made?

8. Did BMC staff offer a different sedative or different anesthetic cream to substitute for those requested by D.L.?

9. To what extent did S.L. become upset upon learning that she would receive sutures without the requested treatment modalities?

10. Whether and, if so, when, D.L. withdrew consent for treatment of S.L?

11. Did D.L. state that she wanted to receive healthcare treatment for S.L. elsewhere?

12. The circumstances leading up to S.L.'s attempt to leave the patient care room.

13. Whether S.L. was, at any point in time, a threat to herself or others?

14. The circumstances which resulted in BMC's staff restraining S.L.

15. Whether D.L. asked BMC staff to stop their attempts to restrain S.L.?

16. Whether D.L. assisted, at any time, BMC staff's attempt to restrain S.L.?

17. Whether D.L., at any point, consented to efforts to restrain S.L.?

18. Whether BMC staff told D.L. that S.L. was "psychotic" and in need of restraint?

19. Was S.L. experiencing psychosis during the events alleged in the Complaint?

20. Did BMC staff threaten to call police?

21. Whether BMC staff claimed that the police would take D.L. to jail and S.L. to a juvenile facility?

22. Whether S.L. experienced significant fear, distress, and physical pain as a result of the restraint and alleged threats by BMC?

23. Whether Room 23 "is a locked room designated to be used for patients in psychiatric crisis"?

24. Whether the physical restraint of S.L. continued in Room 23?

25. Whether the injections of Ativan and Geodon were frightening and painful to S.L.?

26. Whether D.L. consented to the injections of Ativan or Geodon.?

27. Whether hospital records appear to reflect an additional administration of Ativan and Geodon around 9:00 PM?

28. Were restraints or injections necessary to ensure S.L.'s health or safety or the health or safety of others?

29. Would S.L. have become upset or attempted to exit into the hall had she been given the medical modalities requested?

30. Was topical Lidocaine or other anesthetic cream administered prior to the Lidocaine injection and sutures?

31. Whether D.L. only consented to the sutures at this time because previous attempts to withdraw consent had been ignored and staff had already administered several injections without D.L.'s consent?

32. Whether the process of restraining S.L., bringing her to another room, administering injected sedatives and antipsychotics, and administering sutures took over a half an hour?

33. Whether the process of administering the treatment modalities requested would have taken significantly less time than half an hour?

34. Whether the process of administering the treatment modalities requested would have required significantly fewer BMC staff resources?

35. Whether the oral Ativan and topical Lidocaine were more costly than injections of Ativan and Geodon?

36. Whether S.L. remained in bed a significant portion of the day on October 13, 2016 due to alleged side effects of the stress of being restrained?

37. Whether S.L. experienced pain in her back, wrists, hands, and ankles for one to two months after the Emergency Department visit on October 12, 2016?

38. Whether S.L. continues to experience anxiety and emotional distress as a result of the Emergency Department visit on October 12, 2016?

39. Whether S.L. continues to experience fear of doctors as a result of the Emergency Department visit on October 12, 2016?

40. Whether S.L. was injured on August 20, 2018 and refused to go to the Emergency Department as a result of her "traumatic experience" on October 12, 2016?

Plaintiff further contends that the following facts are disputed:

1. Whether the individuals whose actions gave rise to Plaintiff's complaint were agents, servants, or employees of BMC;

2. Whether S.L.'s actions on October 12, 2016 could reasonably be described as "combative" or otherwise threatening;

3. Whether the conduct of BMC, its staff, and/or its affiliates would have been the same if they had not been aware of S.L.'s disability;

4. To the extent that Defendant has not admitted any fact alleged in Plaintiff's Amended Complaint that is not enumerated above, Plaintiff contends that that fact is disputed;

5. Plaintiff reserves the right to dispute any additional factual allegations that Defendant may make in the future during the course of litigation.

### c) Consideration of Trial by Magistrate:

The Parties considered permitting trial by Magistrate and do not agree to trial by Magistrate.

### d) Consideration of Alternative Dispute Resolution:

The Parties intend to mediate this matter before Friday, September 4, 2020.

### e) Confer and Attempt to Agree on Discovery of ESI pursuant to Local Rule of Civil Procedure 26.06:

The Parties conferred in accordance with Local Rule of Civil Procedure 26.06 and agree to conduct discovery of ESI pursuant to Rule 26.06.

**f)** **Agenda for Discussion at Scheduling Conference:**

The Parties propose that no Scheduling Conference be held.

**Respectfully Submitted,**

Date: April 19, 2019

/s/ Joshua Boggs
Christine S. Vaglienti (W. Va. State Bar ID #4987)
Joshua K. Boggs (W. Va. State Bar ID #10096)
Lauren T. Krupica (W. Va. State Bar ID #11719)
**WEST VIRGINIA UNITED HEALTH SYSTEM, INC.**
West Virginia University Hospitals, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, West Virginia 26505
Telephone: 304/598-4070
Facsimile: 304/598-9888
vaglientic@wvumedicine.org
joshua.boggs@wvumedicine.org

Date: April 19, 2019

/s/Shawna White
Shawna White
**DISABILITY RIGHTS OF WV**
1207 Quarrier Street
Litton Building, Suite 400
Charleston, WV 25301
Telephone: 304/346/0847

&

Samantha Crane
**Autistic Self Advocacy Network**
1010 Vermont Avenue, Suite 618
Washington, DC 20005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., A MINOR, BY AND THROUGH
HER PARENT AND LEGAL GUARDIAN D.L.

    **Plaintiff,**

v.
                                          CIVIL ACTION NO. 3:18-CV-162
                                          (Groh)

CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE,

    **Defendant.**

## CERTIFICATE OF SERVICE

I, Joshua K. Boggs, do hereby certify that I have *electronically filed* and caused to be served this 19th day of April, 2019, the foregoing "**REPORT OF PARTIES' PLANNING MEETING**" via the United States Northern District Court for the Northern District of West Virginia's CM/ECF:

Shawna White
Disability Rights of West Virginia
1207 Quarrier Street
Charleston, WV 25301

&

Samantha Crane
Autistic Self Advocacy Network
1010 Vermont Avenue, Suite 618
Washington, DC 20005
***Counsel for Plaintiff***

                                                  /s/ Joshua Boggs
                                                Joshua K. Boggs (W. Va. State Bar No. 10096)