IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., a minor, by and through her
parent and legal guardian D.L.

       Plaintiff,

v.                                    **CIVIL ACTION NO. 3:18-CV-162 (Groh)**

CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE;
BRANDT WILLIAMSON, M.D.;
MISTY HUNSADER, PA-C;
SMOKY MOUNTAIN EMERGENCY
SERVICES, INC.; and
HEALTH CARE ALLIANCE, INC.,

       Defendants.

## CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS THE SECOND CAUSE AND RELATED PARTS OF THE FOURTH CAUSE OF ACTION OF PLAINTIFF'S THIRD AMENDED COMPLAINT

**NOW COMES** City Hospital, Inc. d/b/a Berkeley Medical Center ("BMC"), by and through its counsel, and replies to S.L.'s Response Memorandum in Opposition to Berkeley Medical Center's Motion to Dismiss the Second and Related Parts of the Fourth Causes of Action of Plaintiff's Third Amended Complaint.

S.L. refuses to recognize this cause of action within the unique factual circumstances of its occurrence, and her opposition to BMC's Motion relies on a mishmash of case law that simply does not apply to the facts giving rise to this action. S.L.'s insistence that BMC misunderstands this cause of action and the law is a distraction from the fact that she cannot produce an on-point

case to support her arguments. Therefore, BMC seeks dismissal of the Second Cause and Related

Parts of the Fourth Cause of Action of Plaintiff's Third Amended Complaint.

1. **BMC is the wrong defendant against which to bring a Rehabilitation Act claim because its nurses, by virtue of their positions, could not accommodate the request for specific medicines by name.**

S.L.'s Response attempts to extricate the Second Cause of Action from the circumstances

in which it occurred. This is an action centering on the alleged failure to provide reasonable

accommodations in the context of the provision of emergency medical care in an emergency

department. Here, the requested accommodations included two medications that S.L.'s mother

requested by name. The administration of those medications, topical Lidocaine and oral Ativan, is

wholly different from the medical accommodations highlighted in the cases that S.L. cites. *See*

*Falls v. PG Hosp. Ctr.*, No. CIV.A. 97-1545, 1999 WL 33485550, at *10 (D. Md. Mar. 16, 1999);

*United States v. Georgia*, 546 U.S. 151, 155, 126 S. Ct. 877, 879, 163 L. Ed. 2d 650 (2006); *Taylor*

*v. Richmond State Supported Living Ctr.,* No. CIV.A. 4:11-3740, 2012 WL 6020372, at *2 (S.D.

Tex. Nov. 30, 2012) (failure to provide interpreter services or the total failure to provide medical

care in a prison or assisted living facility for disabled persons, respectively).

BMC moves for dismissal of S.L.'s Rehabilitation Act claim because its employee-nurses,

who are not empowered or privileged to order medications, cannot properly be the subject of the

failure to accommodate S.L. alleges to have violated the Rehabilitation Act. S.L. suggests that

BMC made this argument in its previous Motion to Dismiss in November 2018 [ECF 19], Pl.'s

Resp. to Mot. to Dismiss, p. 5, but this is inaccurate. With the Third Amended Complaint's

inclusion of the physician and physician assistant involved in the medical decision making, those

parties are now able to appropriately make the medical judgment argument themselves. BMC's

current Motion to Dismiss, unlike its November 2018 Motion, highlights the medical judgment

issue only to bring attention to the fact that its employees lack the ability to make medical judgments and  instead focuses on the fact that it is the wrong party against which to bring the Rehabilitation Act claim for failure to accommodate.

The nurses, by the very limitations of their profession, lacked the power to control the administration of medication without a doctor or physician assistant's order. S.L. contests this notion, stating that "one does not have to be a doctor to prevent or deny a reasonable accommodation." Pl.'s Resp. to Mot. to Dismiss, p. 5. That may well be true in the context of providing an auxiliary aid or other accommodation to allow the patient to receive a benefit equal to other patients, or in the context of enforcing a hospital policy that does not require specific privileges. One must, however, be a licensed, privileged physician to order medications or determine an appropriate substitute for a medication or modality requested by name. S.L.'s Complaint and Response neglect the fact that the accommodation requested was the administration of a controlled substance to a pediatric patient. Suggesting that BMC should be liable in *respondeat superior* for its nurses' failure to accommodate this request is misplaced when provision of the accommodation requested is not within their power to provide. *See Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 373 (D. Md. 2011) (citations omitted) ("[T]he statutes 'cannot be read to impose strict liability on public entities that neither caused plaintiffs to be excluded nor discriminated against them.'")

2. **S.L.'s interpretation of the Rehabilitation Act is flawed, and S.L. has failed to allege that a reasonable accommodation was withheld solely on the basis of her disability.**

As BMC stated in its Motion to Dismiss, and reiterates above, while it is not an appropriate party for a failure to accommodate claim, should this Court find that it is, S.L.'s Rehabilitation Act claim fails to meet the "solely on the basis of" element required by the Act.

S.L.'s Third Amended Complaint states that "Defendants subjected plaintiff S.L. to discrimination in its programs by refusing to provide reasonable accommodations so that she could reasonably be provided with BMC's services." Third Am. Compl. ¶117. A central point in BMC's Motion to Dismiss is the fact that pleading discrimination under the Rehabilitation Act requires that the S.L. plead the "solely on the basis of" prong to state a claim that she was discriminated against pursuant to this body of law. S.L.'s suggestion that this element matters not in a "failure to accommodate claim" is a questionable interpretation of the law, highlighted even in the cases S.L. cites:

> Despite the general congruence of Title II of the ADA and § 504 of the Rehabilitation Act, there are at least two statutory differences. First, a plaintiff must show a different "causative link between discrimination and adverse action" under the two statutes. *Baird ex rel. Baird v. Rose,* 192 F.3d 462, 469 (4th Cir.1999). Under Title II, a plaintiff need only prove discrimination "by reason of" disability. 42 U.S.C. § 12132. But, a successful Rehabilitation Act claim requires a showing of discrimination "*solely* by reason of" disability. *371 29 U.S.C. § 794(a) (emphasis added). *See Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 498 n. 17 (4th Cir.2005) **("[W]e have recognized that the causation standards under Title II of the ADA and § 504 of the Rehabilitation Act are 'significantly dissimilar.'")** (quoting *Baird,* 192 F.3d at 469). In this case, however, no party claims that this distinction is material.

*Paulone v. City of Frederick,* 787 F. Supp. 2d 360, 370–71 (D. Md. 2011) (bold emphasis added).

Furthermore, the act of discrimination S.L. alleges was the failure to reasonably accommodate. S.L.'s suggestion that "there is no requirement that benefits be denied to an individual because she has a disability," Pl.'s Resp. to Mot. to Dismiss, p. 7, was rejected by another case she cites:

> We acknowledge, however, that the ADA and Rehabilitation Act are addressed to 'rules ... that hurt [people with disabilities] *by reason of their handicap,* rather than that hurt them solely by virtue of what they have in common with other people.' . . . In other words, there

> must be something different about the way the plaintiff is treated 'by
> reason of ... disability.' 42 U.S.C. § 12132. We have long recognized
> that the basic analytical framework of the ADA includes such a
> comparative component.

*Henrietta D. v. Bloomberg*, 331 F.3d 261, 276 (2d Cir. 2003) (citations omitted) (emphasis in original).

S.L. attempts to portray BMC's Motion to Dismiss as a misunderstanding of the law, when, in reality, S.L. fails to characterize this legal action in the context in which it really belongs. It is not a "Title II reasonable accommodation/architectural barrier" case,[1] or a "Title II reasonable accommodation/education case,"[2] or a "Title II reasonable accommodation/prison case,"[3] or a "Rehabilitation Act/mass transportation case."[4] It is not even analogous to the case S.L. cited that actually occurred in a hospital, in which a patient was denied auxiliary aids for effective communication.[5]

S.L.'s recitation of the law aims to lump not only Title II and Title III cases together, but all disability-related cases with facts and concepts entirely unrelated to her own cause of action. This case, in particular the Second Cause of Action which is the subject of BMC's Motion to Dismiss, is about whether the failure to accommodate S.L.'s request for certain medications occurred solely on the basis of her disability. Every single one of the four[6] cases BMC cited is not only factually closer to the issues presented by the Second Cause of Action, but also demonstrates that Rehabilitation Act claims occurring in the context of the provision of medical services are in a class by themselves.

---

[1] *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287 (5th Cir. 2005))("[W]hen ADA claims are directed at architectural barriers, as they are here, the rights and remedies are exactly the same as those provided under the Rehabilitation Act.").

[2] *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)), ("[W]e concluded that the different causation requirements were immaterial where the plaintiff's challenge was to architectural barriers.")

[3] *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996).

[4] *Dopico v. Goldschmidt*, 687 F.2d 644 (2d Cir. 1982).

[5] *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 337 (11th Cir. 2012).

[6] *See* BMC's Mem. of Law in Support of Mot. to Dismiss, ECF 81, p. 9.

Rehabilitation Act claims in the medical context require "an inquiry into whether a medical decision is 'a *bona fide* medical judgment,' or whether handicap has improperly been taken into account." *Glanz v. Vernick*, 750 F. Supp. 39, 46 (D. Mass. 1990). Such claims also permit a physician to "refuse to prescribe a particular treatment, which the disabled patient has requested, because of the doctor's assessment . . . ." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 231–32 (2d Cir. 2014). The law highlights the weaknesses in S.L.'s Second Cause of Action against BMC. Because the facts upon which S.L. bases this cause of action are uniquely associated with medical judgment, BMC is an improper Defendant even if the Court finds S.L. sufficiently met elements of the Rehabilitation Act.

In sum, S.L. jettisons the unique context of the facts of this action; facts that are critical to the legal analysis and do not lend themselves to the general analysis of failure to accommodate claims that S.L. offers in her Response. In doing so, S.L. fails to allege that a reasonable accommodation was withheld solely on the basis of her disability.

### 3. S.L. misrepresents BMC's arguments and asks this Court to make unreasonable conclusions to propel her narrative forward.

Again S.L. misrepresents BMC's argument by claiming it is "basically duplicative" of the argument from its November 2018 Motion to Dismiss (ECF 19). The present Motion to Dismiss moves to dismiss the Second Cause of Action on the basis that S.L. has failed to plead facts that constitute a violation of the Rehabilitation Act, specifically in relation to its greater causation standard. *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 370–71 (D. Md. 2011). It must be

clarified too, contrary to S.L.'s claims,[7] that BMC's Motion to Dismiss did not assert that "pretext" or "discriminatory animus" is required for S.L. to state her claim.[8]

In light of S.L.'s response it bears repeating that, when considering a motion to dismiss for failure to state a claim, a judge "'need not accept the legal conclusions drawn from the facts or accept as true unwarranted inferences, unreasonable conclusions or arguments.'" *Johnson v. James B. Nutter & Co.,* No. CV 3:19-0856, 2020 WL 573284, at *4 (S.D.W. Va. Feb. 5, 2020) (citing *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008)). S.L. makes her rashest of "unreasonable conclusions" when she conclusively states that "BMC would not have restrained or forcibly medicated a person without a disability who became upset and attempted to leave." Pl.'s Resp. to Mot. to Dismiss, p. 14. The actions of restraining S.L. and administering injections of Ativan and Geodon were actions deemed necessary by the medical providers attempting to provide care to her. If S.L. questions these actions, those claims are properly asserted via the Medical Professional Liability Act; however, S.L. asserts no facts to bring any legitimacy to the claim that these actions would not have occurred to a non-disabled person, let alone that these actions occurred in S.L.'s case solely on the basis of her disability.

---

[7] Pl's Resp. to Mot. to Dismiss, p. 6-8; BMC stated, "S.L.'s Complaint does not suggest that this was a pretextual reason for discrimination or otherwise indicate that 'time' to administer these medications would not have been a factor when treating a non-disabled patient." BMC's Mem. of Law in Support of Mot. to Dismiss, ECF 81, p. 8. BMC never proffered that pretext or discriminatory animus is required, but simply that the law demands that discrimination under the Rehabilitation Act occur "*due to discrimination* solely on the basis of the disability,'" *Bess v. Kanawha Cty. Bd. of Educ.,* No. CIV.A.2:08CV01020, 2009 WL 3062974, at *10 (S.D.W. Va. Sept. 17, 2009) (emphasis in original)."

[8] Ultimately though, it must be assumed that Plaintiff indeed alleges "discriminatory intent" based on Paragraph 121's demand for "compensatory damages . . . ." Third Am. Compl., ECF 74, ¶ 121. *See also Liese v. Indian River Cty. Hosp. Dist.,* 701 F.3d 334, 342 (11th Cir. 2012) ("To recover compensatory damages under § 504, the Lieses must show that (1) IRMH violated their rights under § 504, and (2) that IRMH did so with discriminatory intent."); *Proctor v. Prince George's Hosp. Ctr.,* 32 F. Supp. 2d 820, 828–29 (D. Md. 1998) ("The parties do not dispute that compensatory damages are only available in cases of intentional discrimination.").

4.  **The portion of S.L.'s Fourth Cause of Action requesting damages for a violation of the Rehabilitation Act must be dismissed if S.L's Second Cause of Action is Dismissed.**

S.L's Fourth Cause of Action states that BMC is sued in *respondeat superior* for compensatory damages for its employees' actions under the Rehabilitation Act and for declaratory and injunctive relief, attorneys' fees and costs under the Rehabilitation Act. BMC reiterates its request that this Court dismiss S.L.'s Fourth Cause of Action should the Court grants dismissal of the Second Cause of Action.

**WHEREFORE**, pursuant to Federal Rule of Civil Procedure 12(b)(6), BMC moves this Honorable Court to dismiss S.L.'s Second and related parts of the Fourth Causes of Action for failure to state a claim upon which relief may be granted and for such other and further relief as the Court deems appropriate.

Respectfully submitted this 29th day of June, 2020.

> **CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER**
> **By Counsel**

/s/ Joshua K. Boggs
Christine S. Vaglienti (W. Va. State Bar ID #4987)
Joshua K. Boggs (W. Va. State Bar ID #10096)
Lauren T. Krupica (W. Va. State Bar ID #11719)
**WEST VIRGINIA UNITED HEALTH SYSTEM, INC.**
West Virginia University Hospitals, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, West Virginia  26505
Telephone: 304/598-4070
Facsimile:  304/598-9888
vaglientic@wvumedicine.org
joshua.boggs@wvumedicine.org
lauren.twiggkrupica@wvumedicine.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., a minor, by and through her
parent and legal guardian D.L.

       **Plaintiff,**

v.                                  **CIVIL ACTION NO. 3:18-CV-162 (Groh)**

CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE;
BRANDT WILLIAMSON, M.D.;
MISTY HUNSADER, PA-C;
SMOKY MOUNTAIN EMERGENCY
SERVICES, INC.; and
HEALTH CARE ALLIANCE, INC.,

       **Defendants.**

### CERTIFICATE OF SERVICE

I, Joshua K. Boggs, do hereby certify that I have *electronically filed* and caused to be served this 29th day of June, 2020, the foregoing **"CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS THE SECOND CAUSE AND RELATED PARTS OF THE FOURTH CAUSE OF ACTION OF PLAINTIFF'S THIRD AMENDED COMPLAINT"** via the United States Northern District Court for the Northern District of West Virginia's CM/ECF:

| | |
|---|---|
| Shawna White, Esq. | Samantha Crane |
| **Disability Rights of WV** | **Autistic Self Advocacy Network** |
| 1207 Quarrier Street | 1010 Vermont Ave., Suite 618 |
| Litton Building, Suite 400 | Washington, D.C. 20005 |
| Charleston, WV 25301 | scrane@autisticadvocacy.org |
| swhite@drofwv.org | *Counsel for Plaintiff* |

Jane E. Peak, Esq.
Allan N. Karlin, Esq.
**Allan K. Karlin & Associates, PLLC**
174 Chancery Row
Morgantown, WV 26505
jep@wvjustice.com
ank@wvjustice.com
*Counsel for Plaintiff*

Tamela White, Esq.
**Farrell White & Legg**
914 Fifth Avenue
P.O. Box 6457
Huntington, WV 25772-6457
tjw@farrell3.com
*Brandt Williams, MD, Misty Hunsader, PA-C,*
*Smokey Mountain Health Services and Health*
*Care Alliance, Inc.*

/s/ Joshua K. Boggs
Joshua K. Boggs (W. Va. State Bar No. 10096)

4811-8216-2621, v. 1