IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., a minor, by and through her
parent and legal guardian D.L.

   Plaintiff,

v.                CIVIL ACTION NO. 3:18-CV-162 (Groh)

CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE;
BRANDT WILLIAMSON, M.D.;
MISTY HUNSADER, PA-C;
SMOKY MOUNTAIN EMERGENCY
SERVICES, INC.; and
HEALTH CARE ALLIANCE, INC.,

   Defendants.

### CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SURREPLY

  Plaintiff's Motion to File Surreply is based on a clear pattern that has developed through the nearly two years of motion practice associated with this action: Plaintiff misrepresents the clear meaning of BMC's written words and contorts them to fit her theory of the day. Legally, Plaintiff's basis for seeking leave to file a Surreply is inconsistent with case law interpreting Local Rule of Civil Procedure 7.02(b)(3). Factually, Plaintiff's basis for seeking leave to file a Surreply is inconsistent with reality.

  This Court has previously written that "[a] surreply is generally permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief." *Moore v. Smithahn Co., Inc.,* No. 3:13-CV-151, 2014 WL 12605547, at *1 (N.D.W. Va.

Oct. 24, 2014) (citing *Greene, ex rel. C.G. v. Nationwide Mut. Ins. Co.*, Civil Action No. 5:09-CV-134, 2010 WL 892211 (N.D.W. Va., Mar. 10, 2010). BMC introduced no new material in its Reply to Plaintiff's Response to its Motion to Dismiss [ECF 96]. Instead, it responded directly to S.L.'s Response arguments and cited case law contained either in BMC's Memorandum of Law in Support of BMC's Motion to Dismiss [ECF 81] or S.L.'s Response [ECF 88].

S.L.'s Motion for Leave claims that BMC's Reply [ECF 96] raises for the first time the argument that Plaintiff failed to plead discriminatory intent in order to be entitled to damages under the Rehabilitation Act. This is neither accurate nor "new information"; BMC's footnote reference to discriminatory intent was, firstly, an attempt to make a complete and accurate reference to the law. Secondly, BMC addressed the subject of discriminatory intent in direct response to S.L.'s extensive argument as to why she did not need to plead discriminatory animus or intent[1] under the Rehabilitation Act. BMC, in response (and in a footnote), pointed out the flaw in S.L.'s logic whereby her Response argued that intent/animus was a non-factor in a Rehabilitation Act claim while her Complaint demands compensatory damages, which requires a showing of discriminatory intent. S.L. does not earn the right to a Surreply because she did not predict that BMC would identify this inconsistency between her Third Amended Complaint and her Response and address it in its Reply.

Plaintiff's Motion for Leave next claims that BMC's Reply *challenges* S.L.'s reading of BMC's argument that S.L. failed to meet the Rehabilitation Act elements. That was the point of BMC's Reply. BMC's argument regarding the Rehabilitation Act elements, which originated in its MTD, does not constitute new information. S.L. additionally claims that BMC cites "additional cases" to support that argument. S.L.'s claim is patently false and considering that S.L. does not

---

[1] Which, again, BMC never argued. BMC instead argued that S.L. did not plead the "sole cause" elements of the Rehabilitation Act. *See* ECF 96, n. 7.

address any of those "additional cases" in her Surreply, her claim about the necessity of addressing those "additional cases" is provably false. BMC's Reply cited fifteen cases. Eleven[2] originated from S.L.'s Response (nine were cited directly by S.L.; two were cited within the nine S.L. cited and support or reiterate the law in the other cases), and four[3] originated from BMC's Motion to Dismiss. BMC cited no "additional cases" that have not been brought before this court in previous motion practice. In reality and in truth, BMC cited no "additional" cases but instead referenced the cases S.L. cited in her Response to formulate its Reply. How could BMC have replied to Plaintiff's Response without referencing the cases she cited? Such citations do not constitute "newly cited and relied upon case law" that warrant a Surreply from Plaintiff. *Moore v. Smithahn Co., Inc.*, 2014 WL 12605547, at *1, and BMC finds it concerning that S.L. would represent to the Court that it does.

Next, S.L. offers her weakest argument in favor of her Motion, that the other Defendants have made arguments that are inconsistent with BMC's arguments about the decision-making roles of each Defendant. [ECF 98, p. 2]. A Surreply to BMC is not the place for S.L. to respond to arguments put forth by the other Defendants. S.L. will have the opportunity to respond to alleged inconsistencies raised by codefendants in her Response to their Motion to Dismiss.

Finally, S.L. argues that she is entitled to a Surreply because BMC's Reply reiterated that the decision to restrain S.L. was a medical decision considered necessary by her health care

---

[2] *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005) (cited in *Bennett-Nelson*); *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448 (5th Cir. 2005)); *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996); *Dopico v. Goldschmidt*, 687 F.2d 644 (2d Cir. 1982); *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334 (11th Cir. 2012); *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003); *Paulone v. City of Frederick*, 787 F. Supp. 2d 360 (D. Md. 2011); *Falls v. PG Hosp. Ctr.*, No. CIV.A. 97-1545, 1999 WL 33485550 (D. Md. Mar. 16, 1999); *United States v. Georgia*, 546 U.S. 151, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006); *Taylor v. Richmond State Supported Living Ctr.*, No. CIV.A. 4:11-3740, 2012 WL 6020372 (S.D. Tex. Nov. 30, 2012); *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820 (D. Md. 1998) (cited in *Paulone*).

[3] *Bess v. Kanawha Cty. Bd. of Educ.*, No. CIV.A.2:08CV01020, 2009 WL 3062974 (S.D.W. Va. Sept. 17, 2009); *Johnson v. James B. Nutter & Co.*, No. CV 3:19-0856, 2020 WL 573284 (S.D.W. Va. Feb. 5, 2020); *McGugan v. Aldana-Bernier*, 752 F.3d 224 (2d Cir. 2014); *Glanz v. Vernick*, 750 F. Supp. 39 (D. Mass. 1990).

providers, which is inconsistent with the allegations of the Third Amended Complaint. [ECF 98, p. 3]. BMC's position on S.L.'s restraint has been consistent since its Motion to Dismiss. The fact that it is inconsistent with S.L.'s allegations does not warrant a Surreply. S.L. had, and took, the opportunity to respond to the argument in its Response. A Surreply, when no new information has been brought forth on this point, is unwarranted and only serves to reward S.L. for the misrepresentations asserted in support of her Motion.

BMC opposes S.L.'s Motion for Leave to file Surreply because it fails to meet the legal standard required by Rule 7.02(b)(3) and is based upon either a deep misunderstanding of BMC's written motions or a purposeful contortion of them. In either case, her Motion should fail to convince this Court to permit the filing of her Surreply.

**WHEREFORE**, BMC moves this Honorable Court to deny S.L.'s Motion for Leave to file Surreply and for such other and further relief as the Court deems appropriate.

Respectfully submitted this 9th day of July, 2020.

                **CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER**
                **By Counsel**

/s/ Joshua K. Boggs
Christine S. Vaglienti (W. Va. State Bar ID #4987)
Joshua K. Boggs (W. Va. State Bar ID #10096)
Lauren T. Krupica (W. Va. State Bar ID #11719)
**WEST VIRGINIA UNITED HEALTH SYSTEM, INC.**
West Virginia University Hospitals, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, West Virginia  26505
Telephone: 304/598-4070
Facsimile:  304/598-9888
vaglientic@wvumedicine.org
joshua.boggs@wvumedicine.org
lauren.twiggkrupica@wvumedicine.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., a minor, by and through her
parent and legal guardian D.L.

    **Plaintiff,**

v.                                                CIVIL ACTION NO. 3:18-CV-162 (Groh)

**CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE;
BRANDT WILLIAMSON, M.D.;
MISTY HUNSADER, PA-C;
SMOKY MOUNTAIN EMERGENCY
SERVICES, INC.; and
HEALTH CARE ALLIANCE, INC.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Joshua K. Boggs, do hereby certify that I have *electronically filed* and caused to be served this 9th day of July, 2020, the foregoing **"CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SURREPLY"** via the United States Northern District Court for the Northern District of West Virginia's CM/ECF:

| | |
|---|---|
| Shawna White, Esq. | Samantha Crane |
| **Disability Rights of WV** | **Autistic Self Advocacy Network** |
| 1207 Quarrier Street | 1010 Vermont Ave., Suite 618 |
| Litton Building, Suite 400 | Washington, D.C. 20005 |
| Charleston, WV 25301 | scrane@autisticadvocacy.org |
| swhite@drofwv.org | *Counsel for Plaintiff* |
| | |
| Jane E. Peak, Esq. | Tamela White, Esq. |
| Allan N. Karlin, Esq. | **Farrell White & Legg** |
| **Allan K. Karlin & Associates, PLLC** | 914 Fifth Avenue |

<div style="display: flex; justify-content: space-between;">

174 Chancery Row
Morgantown, WV 26505
jep@wvjustice.com
ank@wvjustice.com
*Counsel for Plaintiff*

P.O. Box 6457
Huntington, WV 25772-6457
tjw@farrell3.com
*Brandt Williams, MD, Misty Hunsader, PA-C, Smokey Mountain Health Services and Health Care Alliance, Inc.*

</div>

/s/ Joshua K. Boggs
Joshua K. Boggs (W. Va. State Bar No. 10096)

4811-8216-2621, v. 1