IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., a minor, by and through her parent and
legal guardian D.L.,

    Plaintiff,

                                                          Case No: 3:18-CV-162 (Groh)

    v.

CITY HOSPITAL, INC. d/b/a,
BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE,

    Defendant.

**PLAINTIFF'S SURREPLY TO CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS THE SECOND AND RELATED PARTS OF THE FOURTH CAUSE OF ACTION OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

    **1. BMC asks the Court to resolve factual issues on a motion to dismiss.**

In its Reply, BMC reiterates its argument that its nurses are "not empowered or privileged to order medications" and that, as a result, it is not a proper defendant with respect to Plaintiff's Rehabilitation Act claim.[1]  But the cases that BMC cites emphasize that discovery is needed in order to distinguish between bona fide medical judgment and discrimination.  *See, e.g.*, *McGugan v. Aldana-Bernier*, 752 F.3d 224, 232 (2d Cir. 2014) ("a medical decision to administer (or to withhold) a treatment in the case of a disabled person could constitute discrimination that is actionable under Section 504 if the decision was motivated by considerations that are unrelated to proper medical decision-making about the case.").  Again, deposition testimony is needed to

---

[1] As Plaintiff already explained in her Opposition to BMC's Motion to Dismiss, this argument fails because: 1) fact questions remain as to the role of BMC employees in communicating accommodation requests to doctors and physician assistants, and whether or not they did so in this case, and whether they could have offered alternative accommodations; and 2) In addition to the denial of reasonable accommodations, BMC employees also separately violated the Rehabilitation Act by making the discriminatory decision to restrain and forcibly medicate S.L. instead of allowing her to leave and seek care elsewhere.  Pl.'s Opp. to BMC Motion to Dismiss at 5-6 (Doc. 88).

1

determine who made the decision to withhold the accommodations S.L. requested and what motivated that decision.

Finally, it is notable that the individual defendants have filed a motion to dismiss the ADA claims on the grounds that they lacked individual discretion to engage in discriminatory acts, including withholding of the reasonable accommodations at issue. Defendants' Misty Hunsader, PA-C, Brandt Williamson, D.O., Smoky Mountain Emergency Services, Inc., and Health Care Alliance, Inc.'s Memorandum of Law in Support of Its Partial Motion to Dismiss Plaintiff's Third Amended Complaint at 5 (Doc. 95-1). This conflict among defendants as to who had the authority to set policies regarding reasonable accommodations highlights the importance of discovery in determining liability.

2. **BMC continues to misstate the law on reasonable accommodations.**

BMC continues to argue that Plaintiff's reasonable accommodations claim requires some showing that the accommodation was itself denied "solely" by reason of her disability. Evidently, BMC believes that Plaintiff must claim something beyond the fact that she required an accommodation as a result of her disability and that BMC failed to provide it. Plaintiff initially interpreted their memorandum as arguing that the decision not to provide a reasonable accommodation must itself be based on an individual's disability. However, BMC also now claims that it "never proffered that pretext or discriminatory animus is required." BMC Reply at 7 n.7 (Doc. 96). Nevertheless, as the overwhelming weight of the case law reflects, failure to provide a reasonable accommodation is *per se* a form of discrimination within the meaning of the Rehabilitation Act, regardless of the basis for the denial.[2]

---

[2] As noted below, the one exception is when the proposed reasonable accommodation would be an "undue burden" or would "fundamentally alter" the service provided. However, BMC has not raised these defenses, and it is the defendant's burden to do so. *See J.D. v. Colonial Williamsburg Found.*, 925 F.3d 663, 671 (4th Cir. 2019).

2

Under both the Rehabilitation Act and the ADA, denial of a reasonable accommodation is, by definition, discrimination based on disability. *See J.D. v. Colonial Williamsburg Found.*, 925 F.3d 663, 671, 669 n.6 (4th Cir. 2019) (in a reasonable accommodations case, "despite the different language these statutes employ, [the Rehabilitation Act and ADA] require a plaintiff to demonstrate the same elements to establish liability."). Addressing both the ADA and Rehabilitation Act claims simultaneously, the court in *J.D.* held that liability for failure to provide reasonable accommodations requires the following elements: "(1) whether the requested modification is 'necessary' for the disabled individual; (2) whether it is 'reasonable'; and (3) whether it would 'fundamentally alter the nature' of the public accommodation." *Id.* at 671. The plaintiff bears the burden of proof - and therefore the burden of pleading - only the first two prongs. *Id.* The reason or basis for the denial, unless it is based on fundamental alteration, is not a consideration.

In its attempt to convince the court that something more is needed, BMC misrepresents several of the cases Plaintiff cited in her opposition to its Motion to Dismiss. For example, BMC cites *Paulone v. City of Frederick* in support of its theory that Plaintiff has not met the pleading standard for a reasonable accommodation claim under Section 504. However, it ignores subsequent language in *Paulone* recognizing that Section 504 includes "three distinct grounds for relief: (1) intentional discrimination or disparate treatment; (2) disparate impact; and (3) *failure to make reasonable accommodations*." 787 F. Supp. 2d 360, 371 (D. Md. 2011) (emphasis added and internal quotations omitted) (quoting *A Helping Hand, LLC v. Baltimore County*, 515 F.3d 356, 362 (4th Cir. 2008). *Paulone* further recognizes that "plaintiff need not show 'discriminatory animus' to prevail on a claim for damages under Title II of the ADA or § 504 of the Rehabilitation Act" concerning her claim for reasonable accommodation and that denials of reasonable

accommodations caused by "thoughtlessness or indifference" can lead to liability.  *Paulone*, 787 F. Supp. 2d at 373 (quoting *Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 830 & n.9 (4th Cir. 1994), *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 828 (D. Md. 1998)).

Similarly, BMC claims that Plaintiff's position was "rejected" by *Henrietta D. v. Bloomberg*, another case Plaintiff cited in her Motion to Dismiss. BMC Reply at 4. Plaintiff does not dispute that *Henrietta D.*, in its general overview of the law, notes that the "basic framework" of the Rehabilitation Act includes a "comparative component."  331 F.3d 261, 276 (2d Cir. 2003). Again, however, BMC ignores that the court then explicitly held that such claims are distinct from claims based on reasonable accommodation:

> Therefore, we hold that a claim of discrimination based on a failure reasonably to accommodate is distinct from a claim of discrimination based on disparate impact. Quite simply, the demonstration that a disability makes it difficult for a plaintiff to access benefits that are available to both those with and without disabilities is sufficient to sustain a claim for a reasonable accommodation.

*Id.* 276-277.

BMC then puzzlingly accuses Plaintiff of "lumping together" Titles II and III of the Americans with Disabilities Act, when in fact all the cases that Plaintiff cited on the point in question - whether or not Section 504 requires that the decision to deny a reasonable accommodation be based solely on the person's disability - were interpreting Section 504 of the Rehabilitation Act.  *See*, *e.g.*, *Bennett-Nelson v. La. Bd. Of Regents*, 431 F.3d 448, 455 (5th Cir. 2005) ("If the accommodation is required the defendants are liable simply by denying it. In short, causation is not the issue in the appeal presented today."); *Dopico v. Goldschmidt*, 687 F.2d 644, 651-652 (2d Cir. 1982); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273 (2d Cir. 2003); *Falls v. Prince George's Hosp. Ctr.*, Civ. Action No. 97-1545, 1999 U.S. Dist. LEXIS 22551, at *27 (D. Md. Mar. 16, 1999).  To the extent that Plaintiff has cited cases interpreting the ADA, she did so

only to support the general proposition that reasonable accommodations may include accommodations in the medical context. *See, e.g.*, *United States v. Georgia*, 546 U.S. 151, 157 (2006). This is reasonable considering the well-established precedent that the ADA and Section 504 standards for liability for failure to provide a reasonable accommodation are interchangeable. *J.D. v. Colonial Williamsburg Found.*, 925 F.3d 663, 671, 669 n.6 (4th Cir. 2019).

Finally, in a footnote, BMC alleges that "discriminatory intent" is necessary in order to recover damages under the Rehabilitation Act. Putting aside our objection to raising this new issue in a reply brief, it is sufficient for Plaintiff to plead that BMC or its employees were aware of the need for a reasonable accommodation and decided not to provide it. *See Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 829 (D. Md. 1998) ("[I]n cases where a public accommodation is on notice that its failure to provide an accommodation may violate the Rehabilitation Act and intentionally opts to provide a lesser accommodation, compensatory damages are available"); *Paulone*, 787 F. Supp. 2d at 374 (discussing and quoting *Proctor*). Here, D.L. had placed BMC on notice of the need for an accommodation and BMC's employees intentionally failed to provide any accommodation whatsoever.

3. **Plaintiff's conclusion that BMC would not have forcibly detained and forcibly administered medications to S.L. is reasonable.**

Finally, BMC reiterates its alarming claim that its employees' decision to forcibly restrain S.L., instead of allowing her to leave, was a medical decision outside of the scope of the Rehabilitation Act and that the facts pleaded in the Complaint cannot reasonably lead to the conclusion that that decision was based on S.L.'s disability. BMC Reply at 7. BMC now makes the additional argument that its restraint and forcible administration of antipsychotics was "deemed necessary by the medical providers attempting to provide care" to S.L. BMC Reply at 7. Setting aside Plaintiff's argument that S.L.'s underlying distress resulted from BMC's failure to

5

accommodate her disability and that the decision to restrain her and forcibly administer antipsychotics was itself the product of disability discrimination and not actually a medical decision, *see* Pl.'s Opp. to BMC Mot. to Dismiss at 14-16, the question of whether S.L.'s medical providers considered the restraint or antipsychotic medication to be necessary to her medical care is a question of fact that cannot be resolved at this stage.  Plaintiff intends to conduct discovery as to who was involved in the decision to restrain S.L., who was involved in the decision to administer antipsychotics, and whether those decisions were based on medical judgment or disability discrimination.

                                                PLAINTIFF,
                                                BY COUNSEL

/s/ *Allan N. Karlin*
ALLAN N. KARLIN, WV BAR # 1953
JANE E. PEAK, WV BAR #7213
ALLAN N. KARLIN & ASSOCIATES PLLC
174 CHANCERY ROW
MORGANTOWN, WV 26505
304-296-8266

/s/ *Samantha Crane*
SAMANTHA CRANE, DC BAR # 1000447
AUTISTIC SELF ADVOCACY NETWORK
1010 VERMONT AVENUE, STE 618
WASHINGTON, DC 20005

/s/ *Shawna White*
SHAWNA WHITE, WV BAR # 10893
DISABILITY RIGHTS OF WEST VIRGINIA
1207 QUARRIER STREET
CHARLESTON, WV 25301

**CERTIFICATE OF SERVICE**

      I, Allan N. Karlin, do hereby certify that on August 4, 2020, I electronically filed, via the CM/ECF system, "PLAINTIFF'S SURREPLY TO CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS THE SECOND AND RELATED PARTS OF THE FOURTH CAUSE OF ACTION OF PLAINTIFF'S THIRD AMENDED COMPLAINT" and further certify that a true copy of the same was served, via facsimile, on the following:

Joshua K. Boggs (WV Bar # 10096)
Christine S. Vaglienti (WV Bar # 4987)
Lauren T. Krupica (WV Bar # 11719)
West Virginia United Health System, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, WV 26505
304-598-9888

Tamela J. White (WV Bar # 6392)
Annelie E. Stallings (WV Bar # 13774)
Farrell, White & Legg PLLC
914 5th Avenue, PO Box 6457
Huntington, WV 25772-6457
Ph: 304-522-9100
Fax: 304-522-9162

                PLAINTIFF,
                BY COUNSEL.

/s/ *Allan N. Karlin*
Jane E. Peak, WV BAR # 7213
Allan N. Karlin, WV BAR # 1953
Allan N. Karlin & Associates PLLC
174 Chancery Row
Morgantown, WV 26505
304-296-8266

7