IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**S.L., a minor, by and through her
parent and legal guardian, D.L.,**

      Plaintiff,

v.            CIVIL ACTION NO.: 3:18-CV-162
          (GROH)

**CITY HOSPITAL, INC.,
d/b/a, BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST INC., d/b/a,
WV UNIVERSITY HEALTHCARE,
BRANDT WILLIAMSON, M.D.,
MISTY HUNSADER, PA-C,
SMOKY MOUNTAIN EMERGENCY SERVICES, INC.,
and HEALTH CARE ALLIANCE, INC.,**

      Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AS TO FIRST CAUSE OF ACTION AGAINST DEFENDANT MISTY HUNSADER

On July 17, 2020, the Plaintiff filed a Motion for Voluntary Dismissal as to the first cause of action against Defendant Misty Hunsader pursuant to Federal Rule of Civil Procedure 41(a), styled as Plaintiff's Motion to Withdraw Claims Against Misty Hunsader in the First Cause of Action Regarding Violations of the ADA Without Prejudice. ECF No. 104. On July 30, 2020, the Defendant filed a response [ECF No. 106], stating that the Defendants did not oppose the motion. For the reasons set forth below, the Plaintiff's

motion is granted.

Federal Rule of Civil Procedure 41(a) permits voluntary dismissal without a court order where the plaintiff files either: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.  FED. R. CIV. P. 41(a)(1).  Otherwise, the plaintiff may request the court to enter an order dismissing the action or claim under Rule 41(a)(2).  FED. R. CIV. P. 41(a)(2).  See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) ("If the plaintiff fails to act before the Rule's 'point of no return', the penalty is that dismissal must be sought under Rule 41(a)(2)." (quoting Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir. 1983)) (internal citation omitted)).

In this case, the Plaintiff filed the motion after the Defendant had served an Answer.  See ECF No. 93.  Furthermore, the Plaintiff has not filed a stipulation of dismissal signed by all parties who have appeared.  Accordingly, voluntary dismissal is only permitted under Rule 41(a)(2) by court order, on terms that the court considers proper.  FED. R. CIV. P. 41(a)(2).

Voluntary dismissal by court order is presumptively without prejudice.  Id.  The decision to grant the plaintiff's request is a matter for the discretion of the court.  Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).  In considering a motion for voluntary dismissal, the court must focus primarily on protecting the interests of the defendant.  Id.; see also McCants v. Ford Motor Co., 781, 856 (11th Cir. 1986).

Because the Defendants do not oppose the motion, and the Court does not find any legal prejudice to the Defendants resulting from an unconditional dismissal of the

Plaintiff's first cause of action against Defendant Hunsader, the Court hereby **ORDERS** that the Plaintiff's Motion to Withdraw Claims Against Misty Hunsader [ECF No. 104] is **GRANTED**. Specifically, Count I of the Plaintiff's Complaint against Defendant Hunsader is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record herein.

**DATED:** November 19, 2020.

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE