IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., a minor, by and through her
parent and legal guardian D.L.,

        Plaintiff,

-v-                                      Case No. 3:18 –CV-162 (Groh)

CITY HOSPITAL, INC., d/b/a,
BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE;
BRANDT WILLIAMSON, M.D.;
MISTY HUNSADER, PA-C;
SMOKY MOUNTAIN EMERGENCY
SERVICES, INC.; and
HEALTH CARE ALLIANCE, INC.,

        Defendants.

## PLAINTIFF'S MOTION TO FILE FOURTH AMENDED COMPLAINT

Comes now the plaintiff, by counsel, under Fed. R. Civ. Pro.15(a)(2), and moves this Court for leave to amend her Complaint to add facts and allegations in support of her contention that there is standing for S.L. to pursue her ADA Title III claim against City Hospital, Inc. a/k/a Beckley Medical Center ("BMC").  Permitting the amendment of the Complaint will not unfairly prejudice BMC or should it cause delay in the resolution of this case.  Nor will it violate the Court's Scheduling Order (Doc. 119).   In further support of this Motion, plaintiff states as follows.

1.        Rule 15(a)(2) allows a plaintiff to amend her Complaint prior to trial with leave of the court.  The Rule further states, "The court should freely give leave when justice so requires."

Although the grant or denial of a motion to amend is within the discretion of the Court, *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013), the United States Court of Appeals for the Fourth Circuit has interpreted Rule 15(a)(2) to require that "leave to amend a pleading should be denied only when the amendment

would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."

*Moore v. Knippenberg*, 2016 U.S. Dist. LEXIS 36562, *5-7 (N.D. W. Va. Mar. 22, 2016) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). *See also Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (reversing trial court's denial of leave to amend complaint when the amendments added information obtained during discovery and did not add wholly new issues to the complaint). *Cf. Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (upholding district court's denial of motion for leave to amend when granting the motion would require a change in the trial schedule and the movant had not shown "good cause").

2.      Further, a plaintiff may supplement the pleadings in order to establish standing. *See, e.g., Newark Branch, NAACP v. Millburn Twp.*, Civil Action No. 89-4219, 1990 U.S. Dist. LEXIS 17559 at *17 (D.N.J. Dec. 27, 1990). When a party, in response to a motion to dismiss, alleges facts related to standing that occurred after the filing of the original complaint, courts may consider those additional facts when determining whether standing exists. *Id.* at *18. *See also West v. Sullivan*, 1990 U.S. Dist. LEXIS 9924 *13 1990 WESTLAW 107862 (E.D. Pa. July 26, 1990) (although original complaint failed to establish standing, plaintiff could file a supplemental complaint to set forth additional relevant facts).

3.      This motion is also brought prior to April 27, 2021, the deadline in the Court's Scheduling Order for amendments to the complaint. It is further brought prior to July 6, 2021, the date for the conclusion of discovery. *Id.* Thus, granting the motion will not violate the Scheduling Order or impact the trial date.

4.     BMC will likely oppose this Motion pointing out that there have been prior amendments to the original Complaint.  However, none of the prior amendments address the standing issue presented by the present Motion.

5.     The Fourth Amended Complaint addresses the issue of standing which was first addressed by this Court in response to the motion to dismiss filed by defendants Brandt Williamson, M.D., Smoky Mountain Emergency Services, Inc., and Health Care Alliance, Inc.  On November 29, 2020, this Court dismissed the ADA Title III claims against those defendants in plaintiff's First Cause of Action (a.k.a. Count I) on the grounds that S.L. did not have standing to pursue them.  (Doc 143).

6.     The amendments in the Fourth Amended Complaint are in the Statement of Facts and the First Cause of Action and directly address the ADA Title III standing issue.[1]  The additional facts and allegations, some of which plaintiff has learned during discovery, include the following.

   a.     Noting that S.L. will reach the age of majority on April 12, 2021.  ¶ 1.

   b.     Adding information regarding S.L.'s prior experience at the BMC ED in 2014.  ¶ 39.

   c.     Providing additional information regarding plaintiff and S.L.'s experience at the BMC Ed in 2016.  ¶¶ 40-41, 46.

   d.     Adding information regarding S.L.'s continuing need for medical treatment at emergency departments.  ¶¶ 89, 94-95, 97-98.

   e.     Adding plaintiff's allegations in the First Cause of Action to address the standing issue and its importance as well as BMC's failures and S.L.'s treatment at the hands of BMC's employees and contractors.  ¶¶ 99-104

---

[1] Plaintiff also deleted ¶ 66 of the Third Amended Complaint, regarding "Room 23" because plaintiff has learned through discovery that the factual allegation in that paragraph is incorrect.

    f.    Stating information learned in discovery in this case about:

        i.    BMC's continuing lack of a policy or training consistent with its duties under the ADA Title III to provide accommodations to allow autistic and other disabled individuals to face no barriers to medical treatment, ¶¶ 104-106, 109; and

        ii.    Defendants Dr. Williamson's and PA-C Hunsader's expressed lack of concern for the manner in which S.L. was treated on October 12, 2016 or in policies that would prevent a reoccurrence, ¶¶ 107-108.

    g.    Asserting that S.L. is reasonably likely to need emergency medical services in the future and that she should not have to go another facility out of her community because WVU's BMC refues to comply with the ADA. ¶¶ 110.

    h.    Clarifying accommodation options. ¶¶ 118-119.

7.    Plaintiff seeks this amendment to support a viable claim from plaintiff's initial Complaint. Thus, the amendment is not sought in bad faith nor is it futile.

8.    As recognized in *Horton v. Vinson*:

> Bad faith amendments are "abusive" or "made in order to secure some ulterior tactical advantage." *GSS Props., Inc. v. Kendale Shopping Center, Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (citing 6 C. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1487 (updated Apr. 2015)); see *id.* (finding that plaintiff acted in bad faith when it withheld facts "clearly known to it prior to the filing of the complaint and then mov[ed] to amend the complaint . . ." to either force the defendant to settle or punish the defendant for failing to settle).

2015 U.S. Dist. LEXIS 105778, *72 (N.D. W. Va. Aug. 12, 2015). There is no evidence that plaintiff's amendment is abusive or is made for tactical advantage. Plaintiff D.L. has not withheld facts or altered her position. Rather, the amendment is based on the same facts initially pled as well

as additional facts and allegations, some the necessity of which have been brought to plaintiff attention by defendants' motions and some that have come to light during discovery.

9.      Moreover, plaintiff seeks to amend her Complaint within the applicable statute of limitations for her claims, as S.L. is still a minor.

10.     Although the Court has already ruled on the motion of the other defendants to dismiss the ADA claim against them for lack of standing, plaintiff's Fourth Amended Complaint is not futile because the issue of standing is dependent on the particular facts of the claim against each defendant. In other words, the Court's ruling on BMC's "me too" motion regarding S.L.'s standing to bring the ADA Title III claim (Doc. 163) will not necessarily rely on the same facts as were considered by this Court when it earlier ruled in favor of other defendants.  Whether S.L. has established standing to pursue her ADA Title III claim against BMC is a separate inquiry and should be based on the facts and allegations in plaintiff's Fourth Amended Complaint, attached as Ex. A, and on the arguments in plaintiff's Opposition to BMC'S Motion to Dismiss, filed contemporaneously with this Motion.

      WHEREFORE, plaintiff seeks leave of the Court to file the attached Fourth Amended Complaint.

                                        PLAINTIFF,
                                        BY COUNSEL.


/s/ *Allan N. Karlin*                          /s/ *Shawna White*
ALLAN N. KARLIN, WV BAR # 1953          SHAWNA WHITE, WV BAR # 10893
JANE E. PEAK, WV BAR #7213              DISABILITY  RIGHTS  OF  WEST
ALLAN N. KARLIN & ASSOCIATES PLLC       VIRGINIA
174 CHANCERY ROW                        1207 QUARRIER STREET
MORGANTOWN, WV 26505                    CHARLESTON, WV 25301
304-296-8266


/s/ *Samantha Crane*
SAMANTHA CRANE, DC BAR # 1000447
AUTISTIC SELF ADVOCACY NETWORK
1010 VERMONT AVENUE, STE 618
WASHINGTON, DC 20005

**CERTIFICATE OF SERVICE**

I, Allan N. Karlin, do hereby certify that on March 19, 2021, I electronically filed, via the CM/ECF system, "Plaintiff's Motion to File Fourth Amended Complaint" on the following:

Joshua K. Boggs (WV Bar # 10096)
Christine S. Vaglienti (WV Bar # 4987)
Lauren T. Krupica (WV Bar # 11719)
West Virginia United Health System, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, WV 26505
304-598-9888

Tamela J. White (WV Bar # 6392)
Julian P. Pecora (WV Bar # 13912)
Farrell, White & Legg PLLC
914 5th Avenue, PO Box 6457
Huntington, WV 25772-6457
Ph: 304-522-9100
Fax: 304-522-9162

PLAINTIFF,
BY COUNSEL.

/s/ *Allan N. Karlin*
ALLAN N. KARLIN, WV BAR # 1953
JANE E. PEAK, WV BAR #7213
ALLAN N. KARLIN & ASSOCIATES PLLC
174 CHANCERY ROW
MORGANTOWN, WV 26505
304-296-8266