# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**S.L. a minor, by and through her**
**parent and legal guardian, D.L.,**

      Plaintiff,

**v.**                                                                   **CIVIL ACTION NO.: 3:18-CV-162**
                                                                            **(GROH)**

**CITY HOSPITAL, INC., d/b/a,**
**BERKELEY MEDICAL CENTER, a**
**Subsidiary of WEST VIRGINIA UNIVERSITY**
**HOSPITALS-EAST, INC., d/b/a,**
**WV UNIVERSITY HEALTHCARE,**
**BRANDT WILLIAMS, M.D.,**
**MISTY HUNSADER, PA-C,**
**SMOKY MOUNTAIN EMERGENCY SERVICES, INC,**
**and HEALTH CARE ALLIANCE,**

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A RESPONSE IN OPPOSITION TO CITY HOSPITAL, INC. D/B/A BERKELEY MEDICAL CENTER'S MOTION TO DISMISS

Now before the Court is the Plaintiff's Motion to Extend Time to File a Response in Opposition to Defendant City Hospital, Inc. d/b/a Berkeley Medical Center's Motion to Dismiss [ECF No. 167], filed on March 10, 2021. Therein, the Plaintiff requests that the Court extend the deadline to file a response to the Defendant's Motion to Dismiss from March 10, 2021, to March 19, 2021. In support, the Plaintiff states that an extension is necessary in order to prepare additional pleadings because the Plaintiff's counsel had various long-standing commitments last week, including preparing for and defending the depositions of the Plaintiff, the Plaintiff's mother, and a key witness. Id. at 1–2. The

Plaintiff avers that the extension will not prejudice the parties or delay the progress of the case, but will assure the full and fair litigation of the issue of standing.  Id.

On March 10, 2021, the Defendant filed a Response [ECF No. 168] in opposition to the motion.  The Defendant avers that there is no good cause for the extension pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure.  Id. at 2.  In support, the Defendant states that it refused the Plaintiff's request for an extension on March 7, 2021, yet the Plaintiff waited until the deadline, three days later, to file the motion.  Id. at 3.  Additionally, the Defendant avers that the Plaintiff should not need additional time to brief a response because co-Defendants' Partial Motion to Dismiss [ECF No. 95], filed on June 26, 2020, maintained the same factual and legal arguments as the Defendant's motion.

Under the Local Rules, the Plaintiff's response to the Defendant's motion to dismiss was due on March 10, 2021.  LR Civ P 7.02(b)(1).  However, the Court may extend the time for filing a responsive pleading, for good cause, if it finds that the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  In determining whether good cause exists, the Court should consider (1) the danger of prejudice to [the non-moving party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith.  See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

After consideration of the Plaintiff's motion, the Defendant's response, and the excusable neglect factors, the Court finds that there is no good cause to extend the deadline for the Plaintiff to file a response.  The Defendant refused Plaintiff's counsel's

2

request for an extension on March 7, 2021, yet counsel chose to wait three days and file the motion requesting an extension the day the response was due. Not only did the Plaintiff wait until the deadline to file its motion, but she did not inform the Court about the same-day motion. Additionally, the Plaintiff's stated reason for the extension, that counsel had other commitments such as depositions that barred its ability to file the response, does not show excusable neglect or good faith. As the Defendant states, the Plaintiff already briefed its response to the Defendant's motion to dismiss eight months ago, when it responded to the same factual and legal arguments in its co-Defendants' partial motion to dismiss. Thus, the Court finds that the factors considering the reason for the delay and whether the movant acted in good faith strongly weigh against finding good cause.[1]

Upon review and consideration of the motion and response, the Court finds that the Plaintiff has not shown good cause for the Court to extend the deadline. It is important for parties to observe deadlines set in the Local Rules, or else they would have no meaning. Accordingly, the Court **DENIES** the Plaintiff's Motion [ECF No. 167], and the Court is not obligated to consider any response filed by the Plaintiff in opposition to the Defendant's motion to dismiss [ECF No. 163].

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** March 22, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that the first two factors, which consider the danger of prejudice to the Defendant and the length of the delay and its impact on judicial proceedings, also weigh against granting the motion. This case was initiated in 2018. The Court has granted leave for the Plaintiff to file an amended complaint three times so that the Plaintiff could include relevant information and correct deficiencies in her pleadings. While the Court notes that the deadline for joinders and amendments in the Scheduling Order [ECF No. 119] has not passed, any further extension of deadlines would be prejudicial to the Defendant, who has been litigating this case for nearly two and a half years.