# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.L., a minor, by and through her
parent and legal guardian D.L.

     Plaintiff,

v.                                            Civil Action No. 3:18-CV-162
                                                Honorable Gina M. Groh

**CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,**
A subsidiary of WEST VIRGINIA UNIVERSITY
**HOSPITALS-EAST, INC., d/b/a**
**WV UNIVERSITY HEALTHCARE;**
**BRANDT WILLIAMSON, M.D.;**
**MISTY HUNSADER, PA-C;**
**SMOKY MOUNTAIN EMERGENCY**
**SERVICES, INC.; and**
**HEALTH CARE ALLIANCE, INC.,**

     Defendants.

## CITY HOSPITAL, INC, d/b/a BERKELEY MEDICAL CENTER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE FOURTH AMENDED COMPLAINT

**NOW COMES** Defendant, City Hospital, Inc. d/b/a Berkeley Medical Center, (hereinafter, "BMC"), in opposition to Plaintiff's Motion to File Fourth Amended Complaint.

> In the absence of any apparent or declared reason—such as **undue delay**, bad faith or dilatory motive on the part of the movant, **repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment**, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (emphasis added).

Plaintiff's Motion to File Fourth Amended Complaint represents nearly every reason the United States Supreme Court has held that such a motion should be denied. Plaintiff's Motion is prejudicial to BMC and it was unduly delayed. Plaintiff has repeatedly failed to cure deficiencies in her three previous amendments, and her proposed fourth amendment is futile. As such, Plaintiff's motion to amend her Complaint a fourth time must be denied.

### A. A Fourth Amendment of Plaintiff's Complaint three months[1] before the close of discovery is prejudicial to BMC, which alone requires denial of Plaintiff's Motion to File Fourth Amended Complaint.

A Complaint may be amended beyond twenty-one days after the Complaint or a responsive pleading is served *only* if the opposing party consents or the court permits such amendment. Fed. R. Civ. P. 15. The Rule further states that leave should be "freely" "given when justice so requires." *Id.* at 15(a)(2). Federal jurisprudence has been developed to a fine point of guidance for courts considering motions to amend: "The key consideration under Rule 15(a) is whether prejudice will result to the non-movant if amendment is allowed— 'absence of prejudice, though not alone determinative, will normally warrant granting leave to amend.'" *Greene v. Feaster*, No. 5:16-CV-51, 2020 WL 5531559, at *1 (N.D.W. Va. Aug. 31, 2020), *dismissed,* No. 20-7361, 2021 WL 973699 (4th Cir. Mar. 15, 2021) (citations omitted). Prejudice will result if Plaintiff is permitted to amend her Complaint a fourth time, three months before the close of discovery, and therefore, the Court must deny Plaintiff's Motion.

On March 22, 2021, this Court entered an Order denying Plaintiff's request for an extension of nine days to file a response to BMC's Motion to Dismiss the First and Related Parts of the Fourth Cause of Action of Plaintiff's Third Amended Complaint because, among other reasons, such delay would prejudice Defendant:

---

[1] Discovery closes July 6, 2021.

> The Court also notes that the first two factors, which consider the danger of prejudice to the Defendant and the length of the delay and its impact on judicial proceedings, also weigh against granting the motion. This case was initiated in 2018. **The Court has granted leave for the Plaintiff to file an amended complaint three times so that the Plaintiff could include relevant information and correct deficiencies in her pleadings**. While the Court notes that the deadline for joinder and amendments in the Scheduling Order [ECF No. 119] has not passed, **any further extension of deadlines would be prejudicial to Defendant, who has been litigating this case for nearly two and a half years.**

[ECF No. 175, p. 3, n. 1] (emphasis added).

Given that a nine-day extension to respond to a Motion to Dismiss, which would not have altered any of the Scheduling Order deadlines, was found by this Court to prejudice Defendant, allowing Plaintiff to amend her Complaint for a fourth time to assert new factual allegations is categorically prejudicial. Allowing Plaintiff to file a fourth amended complaint will delay the parties' efforts in completing discovery and continue to prolong this multi-year quagmire and should be rejected by this Court. *CSX Transp., Inc. v. Gilkison*, No. CIV.A. 5:05CV202, 2008 WL 4831737, at *4 (N.D.W. Va. Nov. 3, 2008) (holding that allowing CSX to file a second amended complaint would unduly prejudice the defendants by extending discovery when it is not necessary).

From her very first filing in October 2018, Plaintiff has engaged in trial and error with improperly pled MPLA claims, ultimately abandoned battery and assault claims, the addition of new defendants, and now an attempt to establish standing by pleading a "new" set of facts that again fail to confer standing. With a little over three months before discovery closes in this matter, Plaintiff's experiments must end. Any further distraction from completing discovery and propelling this case to its close is prejudicial to BMC; therefore, this Court must deny Plaintiff's Motion to Amend for the fourth time.

> **B. Plaintiff has squandered multiple attempts to correct her deficient pleading and Plaintiff's new attempt to amend her Complaint was unduly delayed and the motion should be denied.**

Plaintiff's Motion to amend her Complaint for a fourth time could have been filed in November 2020 following this Court's dismissal of the Title III claim against the ED Defendants. It should have been foreseeable that BMC would move for dismissal on the same basis once the Court granted such motion for the ED Defendants. Rather than seeking leave to amend immediately following the Court's November 2020 Order, Plaintiff waited an additional four months to do so after BMC filed its Motion to Dismiss on the same basis. Plaintiff should have foreseen the risk posed to her identical remaining federal claim against BMC in November, and shored up her standing argument then. Instead, Plaintiff delayed for four months, waiting until the parties were deeply engaged in the final months of discovery to correct her deficient pleading.

Incomprehensibly, Plaintiff argues that allowing her to amend her Complaint for a fourth time will not "cause delay in the resolution of this case." [ECF No. 173]. If Plaintiff files her Fourth Amended Complaint, it will unquestionably cause delay in the resolution of this case. Upon the filing of the Fourth Amended Complaint, BMC and, presumably, the ED Defendants, will file Motions to Dismiss, which will ignite a round of responses and replies all while the parties continue to attempt to schedule and depose fact and expert witnesses— some of which will become irrelevant upon the dismissal of the Title III claim.

Plaintiff recently filed an eight-page Notice of Deposition pursuant to Rules 30(b)(6) and 34 to BMC, served an additional set of written discovery requests upon BMC, requested the depositions of five BMC fact witnesses, and requested the depositions of two more physicians employed by the ED Defendants. Upon motion by Plaintiff, the expert witness disclosure deadline

has just been extended from March 1 to May 3 for Plaintiff and April 16 to June 16 for Defendants [ECF No. 166], which means that expert depositions must occur near the end of discovery.

If Plaintiff is permitted to file her fourth amendment, an extension of the discovery deadline will be necessary along with a modification of the dispositive motions deadline, pretrial hearing date, and trial date. Given the dates listed above, there is not enough time to file another motion to dismiss; reply to Plaintiff's response; craft an Answer if the Court does not dismiss the Fourth Amended Complaint; coordinate, prepare witnesses, and defend at least seven more fact and/or 30(b)(6) witness depositions; prepare for and take depositions of ED Defendants; and defend, prepare for, and take expert depositions.

Ultimately, even if the Court does not grant an extension of the discovery deadline and all scheduling order dates remain the same, the effect of Plaintiff's fourth amendment is the same: it delays resolution of this case because it will distract the parties from their efforts to fully complete discovery in the time allotted. The Motion to Amend should have been filed in November when Plaintiff first learned that she did not have standing and her grasp on federal jurisdiction was slipping, rather than waiting until approximately three months before discovery closes. Plaintiff's motion was unduly delayed and will cause a delay in the resolution of this case and should be denied.

### C.   Despite four previous chances, Plaintiff has repeatedly failed to cure deficiencies in her Complaints.

This action was filed on October 9, 2018 [ECF No.1]. The Complaint was amended on November 8, 2018 [ECF No. 9], again on April 12, 2019 [ECF No. 38], and again on May 20, 2020 [ECF No. 74]. The bulk of the information that serves as the basis of Plaintiff's proposed fourth amended complaint includes facts counsel either could have gleaned from their client in the last

two and a half years[2] or, with respect to the issue of standing, should have known they were obligated to plead initially.

Plaintiff's counsel has had a uniquely long exposure to the facts of this case and has exercised her right to amend to the point that any further amendments reward "repeated failures to cure deficiencies by amendments previously allowed." *Glaser v. Enzo Biochem, Inc.,* 464 F.3d 474, 480 (4th Cir. 2006) (denying Plaintiff's motion to amend, reasoning that "Plaintiffs had an unprecedented thirteen months of unilateral pre-complaint discovery under Bankruptcy Rule 2004 and had already set forth four iterations of their complaint." *Id.*). Plaintiff has amended her Complaint after failing to comply with the West Virginia Medical Professional Liability Act three times, after failing to add the relevant parties, and now is attempting to do so a fourth time to correct her deficient pleading as to standing. The commonality among all these amendments is Plaintiff's failure to correct deficiencies that existed because of counsels' failures in completing due diligence or understanding the law. Two and a half years and four iterations of the Complaint have passed. BMC opposes any further opportunity for Plaintiff to engage in the trial and error of pleading this action correctly.

> **D. A Fourth Amendment is futile because the Fourth Amended Complaint will not withstand dismissal since Plaintiff cannot create standing where standing does not exist.**

A motion to amend is futile when "proposed amendments cannot withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig,* 766 F.2d 265, 268–69 (7th Cir.1985)). The proposed additions of facts to the pleadings will not cure the issues that led this Court to previously dismiss these causes of action.

---

[2] Some of Plaintiff's six person legal team have been working on this claim since at least March 2017.

Firstly, Plaintiff's proposed fourth amended complaint again pleads, verbatim, its Rehabilitation Act cause of action that was dismissed by this Court's Orders of November 19, 2020. [ECF Nos. 143 and 144]. Given that no changes have been made to the facts offered by Plaintiff to support her claim under the Rehabilitation Act and given that this cause of action has been dismissed against both Defendants already, there is every indication that BMC's next motion to dismiss this count— which will be filed if Plaintiff is granted the opportunity to amend— will be granted again. Amending the Rehabilitation Act cause of action as proposed is futile and should not be granted by this Court.

The centerpiece of Plaintiff's Motion to Amend is her attempt to bolster the standing argument to correct the deficiencies that led to the dismissal of her Title III claim against the ED Defendants [ECF No. 143]. She fails to do this.

To be clear, BMC does not dispute the fact that a court may allow a plaintiff, through an amended complaint, to "supply . . . further particularized allegations of fact deemed supportive of plaintiff's standing." *Warth v. Seldin*, 422 U.S. 490, 501–02, 95 S. Ct. 2197, 2206–07, 45 L. Ed. 2d 343 (1975). But whether a Plaintiff should be granted the right to amend to achieve standing is still assessed against the prejudice, futility, and bad faith standards.

As stated by Plaintiff, "The amendments in the Fourth Amended Complaint . . . directly address the ADA Title III standing issue." [ECF No. 173, p. 3, ¶ 6]. Some of the additional facts Plaintiff highlighted— that S.L. will reach the age of majority on April 12, 2021; information about the 2014 BMC ED visit; and information about Plaintiff's 2016 BMC ED visit— constitute information that has been known or should have been known to Plaintiff's counsel for years. *Id.* ¶ 6(a)-(c). Other facts have already served as the basis of every other Complaint she has filed, for example, that S.L. is reasonably likely to need emergency medical services in the future and that

BMC allegedly continues not to have a policy or training consistent with its duties under the ADA. *Id.* at ¶ 6(d); (f)(i). None of these facts bear on her standing argument and none of them are new, but none are as problematic as the one she offers to explicitly support her case for standing under Title III.

Plaintiff attempts to correct her Title III standing deficiencies by highlighting a more recent situation in which she "experienced a sudden and severe episode of pain and distress that appeared consistent with a cardiac event or a panic attack." [ECF No. 173-1, ¶ 94]. Her mother called the Berkeley County Emergency Ambulance Authority who, after assessing S.L., "suggested that S.L. go to BMC, the nearest emergency room . . . ." *Id.* at ¶ 95.

S.L. "did not want to go for fear that the BMC staff would treat her the same way that she was treated on October 12, 2016 . . . S.L. therefore did not go to the hospital this time." S.L. elected not to go to the hospital, despite being told to go to the hospital by emergency medical personnel, despite being struck with symptoms so severe that her mother had to call an ambulance. These "new" facts belie an argument that has already been considered and rejected by this Court:

> Here, the Plaintiff alleges that because BMC is the closest to both her home and school, she will likely need to obtain its services in the future. ECF No. 74 ¶ 93. However, she alleges that because of the ED staff's actions the night of the incident, **she refuses to go to BMC**. Id. ¶ 92. . . . Even reading these facts in the light most favorable to the Plaintiff, however, the Court finds that the Plaintiff has not established that there is a real and immediate threat that the Defendants will violate her Title III protections.

[ECF No. 144] (emphasis added).

The "new" facts regarding the February 2021 ambulance call do not demonstrate that standing exists. They reinforce a conclusion that was reached by this Court in November, and a conclusion that BMC will ask the Court to make again, via a Motion to Dismiss, should Plaintiff be granted leave to file her Fourth Amended Complaint. Plaintiff still refuses to return to BMC –

even in the face of an event that "appeared consistent with a cardiac event or panic attack." If she refuses to go to BMC, there is no real and immediate threat that BMC will violate her rights under Title III and if there is no real and immediate threat, Plaintiff does not have standing. In essence, Plaintiff's proposed Fourth Amended Complaint does nothing other than plead the facts necessary to **defeat** standing. Therefore, because an additional amendment of the Complaint would be futile, the Court must deny Plaintiff's Motion to Amend.

For two and a half years BMC has attempted to litigate this action while waiting for Plaintiff to figure out what she is going to plead, how she can correct deficient pleadings, who she can add to her claims, and how she can keep those claims from being dismissed— not because new facts have arisen to change the tenor of her case, but because she has yet to file a Complaint that includes all relevant information and is free of deficiencies. With approximately three months of discovery left, an amended complaint and the chain of filings that will follow will be to the detriment of the progress of discovery. After three previous deficient filings, this Court must deny Plaintiff the opportunity to file a prejudicial and futile, unduly delayed fourth amendment to her Complaint.

                           **CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER, A subsidiary of WEST VIRGINIA UNIVERSITY HOSPITALS-EAST, INC., d/b/a WV UNIVERSITY HEALTHCARE**

                           **By Counsel,**

/s/ Joshua K. Boggs
Joshua K. Boggs (W. Va. State Bar ID #10096)
Lauren T. Krupica (W. Va. State Bar ID #11719)
**WEST VIRGINIA UNITED HEALTH SYSTEM, INC.**
West Virginia University Hospitals, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, West Virginia 26505
Telephone: 304/598-4070

Facsimile:  304/598-9888
joshua.boggs@wvumedicine.org
lauren.twiggkrupica@wvumedicine.org

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**S.L., a minor, by and through her
parent and legal guardian D.L.**

      Plaintiff,

v.                                       Civil Action No. 3:18-CV-162
                                         Honorable Gina M. Groh

**CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER,
A subsidiary of WEST VIRGINIA UNIVERSITY
HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE;
BRANDT WILLIAMSON, M.D.;
MISTY HUNSADER, PA-C;
SMOKY MOUNTAIN EMERGENCY
SERVICES, INC.; and
HEALTH CARE ALLIANCE, INC.,**

      Defendants.

## CERTIFICATE OF SERVICE

      I, Joshua K. Boggs, do hereby certify that I have *electronically filed* and caused to be served this 1st day of April, 2021, the foregoing **"CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE FOURTH AMENDED COMPLAINT,"** upon the following via the CM/ECF for the United States District Court for the Northern District of West Virginia:

| | |
|---|---|
| Shawna White | Samantha Crane |
| **Disability Rights of West Virginia** | **Autistic Self Advocacy Network** |
| 1207 Quarrier Street | 1010 Vermont Avenue, Suite 618 |
| Charleston, WV 25301 | Washington, DC 20005 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

|  |  |
|---|---|
| Allan N. Karlin | Tamela J. White, Esq. |
| Jane E. Peak | Julian P. Pecora, Esq. |
| 174 Chancery Row | **Farrell White & Legg, PLLC** |
| Morgantown, WV 26505 | 914 5th Avenue |
| *Counsel for Plaintiff* | P.O. Box 6457 |
|  | Huntington, WV 25772-6457 |
|  | *Counsel for Brandt Williamson, M.D., Misty Hunsader, PA-C, Smoky Mountain Health Services and Health Care Alliance, Inc.* |

/s/ Joshua K. Boggs
Joshua K. Boggs, (W. Va. State Bar ID #10096)