**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**S.L., a minor, by and through her
parent and legal guardian, D.L.,**

      Plaintiff,

v.                                     **CIVIL ACTION NO.: 3:18-CV-162
(GROH)**

**CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL
CENTER, a subsidiary of WEST VIRGINIA
UNIVERSITY HOSPITALS-EAST, INC., d/b/a
WV UNIVERSITY HEALTHCARE;
BRANDT WILLIAMSON, M.D.,
MISTY HUNSADER, PA-C,
SMOKY MOUNTAIN EMERGENCY
SERVICES, INC., and HEALTH CARE
ALLIANCE, INC.,**

      Defendants.

**<u>ORDER DENYING PLAINTIFF'S MOTION TO FILE FOURTH
AMENDED COMPLAINT AND GRANTING DEFENDANT
CITY HOSPITAL, INC.'S MOTION TO DISMISS</u>**

On February 24, 2021, Defendant City Hospital, Inc. d/b/a Berkeley Medical Center ("BMC") filed a Motion to Dismiss the First and Related Parts of the Fourth Cause of Action of Plaintiff's Third Amended Complaint. ECF No. 163. In response, on March 19, 2021, the Plaintiff filed a Motion to File her Fourth Amended Complaint. ECF No. 173. Both matters have been fully briefed and are ripe for adjudication. For the following reasons, the Court **DENIES** the Plaintiff's motion and **GRANTS** the Defendant's motion. The remaining claim is brought pursuant to state law. Accordingly, the Court declines to exercise supplemental jurisdiction, and this Civil Action shall be dismissed. <u>See</u> 28 U.S.C. 1367(c)(3).

## I. BACKGROUND

This action arises from an incident that occurred at the Berkeley Medical Center ("BMC") on October 12, 2016. The facts as alleged in the Third Amended Complaint are as follows:[1]

The Plaintiff, S.L., is a minor who has been diagnosed with autism, attention deficit hyperactivity disorder, a mild intellectual disability, and an anxiety disorder. ECF No. 74 ¶ 21. On the day of the incident, the then thirteen-year-old S.L. stepped on a fence post, which pierced the sole of her shoe and injured her right foot. Id. ¶ 24. Thereafter, S.L.'s mother sought treatment for her at BMC's Emergency Department ("ED"). Id. ¶ 25. S.L.'s mother informed the nurses that S.L. was autistic and explained that she would likely experience severe anxiety while receiving the sutures because of her disabilities. Id. ¶ 26. Upon being told by the ED staff that S.L.'s injury would require sutures, S.L.'s mother requested that the staff give her oral Ativan, a sedative, and place a topical anesthetic on the area of the cut before they began suturing her foot, in order to alleviate S.L.'s anxiety. Id. ¶ 29. S.L. had received similar accommodations during a previous visit to the ED at BMC in September 2014, and the accommodations helped her to receive treatment without becoming anxious. Id. ¶ 34. S.L.'s mother shared S.L's pediatrician's contact information with ED staff so that the Plaintiff's pediatrician could confirm that the Plaintiff needed the accommodations requested.

Despite her mother's requests, the ED staff did not provide S.L. the oral Ativan or

---

[1] When considering a motion to dismiss, the Court must assume that the Plaintiff's "well-pleaded factual allegations" are true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, the Court recites the facts as alleged in the Third Amended Complaint.

topical anesthetic, stating that there was "no time" to do so.  Id. ¶¶ 39, 40.  S.L. became upset at the thought of receiving sutures without the accommodations, and her mother withdrew consent for treatment, indicating their intent to obtain treatment at another hospital.  Id. ¶¶ 46, 47.  Thereafter, S.L. attempted to exit the patient care room.  Id. ¶ 48.  At that time, the ED staff physically restrained S.L. against her will to prevent her from leaving the ED, first by pinning her against the wall, then by forcing her to the floor, before finally restraining her to a hospital gurney by holding her wrists and ankles.  Id. ¶¶ 52, 53, 62, 63, 64.  S.L.'s mother asked BMC staff to stop restraining her daughter, to which the staff responded that S.L. was "psychotic" and in need of restraint.  Id. ¶ 58.  After placing S.L. on the gurney, the ED staff transported her to "Room 23," a locked room used for patients in psychiatric crisis.  Id. ¶ 65.  There, while she was still restrained by the ED staff, BMC employee Karen Minke injected S.L. in her right buttock with Ativan and Geodon, an atypical antipsychotic medication that is often used as a "chemical restraint."  Id. ¶¶ 69, 70.  After these injections, the ED staff administered a Lidocaine injection and sutured S.L.'s foot.  Id. ¶ 75.

### A. Plaintiff's Third Amended Complaint

On May 20, 2020, the Plaintiff filed the complaint that is before the Court.  ECF No. 74.  The complaint alleges four causes of action against the Defendants[2]: (1) disability discrimination pursuant to Title III of the Americans with Disabilities Act ("ADA"),

---

[2]  The Third Amended Complaint added Defendants Brandt Williamson, Misty Hunsader, Smoky Mountain Emergency Services, Inc., and Health Care Alliance, Inc. (collectively, "Co-Defendants") to the case.  ECF No. 74.

3

42 U.S.C. §§ 12181 *et seq.*; (2) disability discrimination pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (3) liability pursuant to West Virginia's Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-6(c); and (4) liability pursuant to the theory of *respondeat superior*.[3]

On June 11, 2020, the Defendant filed a motion to dismiss the complaint's Section 504 claim and the related claim under *respondeat superior*. ECF No. 81. On November 19, 2020, the Court granted the Defendant's motion and dismissed Count II and the related parts of Count IV without prejudice, leaving the Plaintiff's Title III claim, MPLA claim, and related claims under *respondeat superior* as the only remaining claims against the Defendant. ECF No. 144.

Meanwhile, on June 26, 2020, the Co-Defendants filed a separate motion to dismiss the Plaintiff's Title III and Section 504 claims, and the related claims under *respondeat superior*. ECF No. 95. On November 19, 2020, the Court granted the motion and dismissed Counts I and II, and the related parts of Count IV without prejudice, leaving only the MPLA claim and the related claim under *respondeat superior* remaining against the Co-Defendants. ECF No. 143. In that order, the Court analyzed the Plaintiff's Title III claim and found that the Co-Defendants were not proper defendants and that the Plaintiff failed to sufficiently plead standing. Id. at 9–11.

**B. Pending Motions**

On February 24, 2021, the Defendant filed a Motion to Dismiss the Plaintiff's Title

---

[3] The fourth cause of action is brought against Defendants BMC, Smoky Mountain Emergency Services, Inc., and Health Care Alliance, Inc., only. ECF No. 74 at 18.

III of the ADA claim, and the related parts of Count IV,[4] using the same "lack of standing" argument that the Co-Defendants successfully argued in its motion to dismiss. ECF No. 163. On March 10, 2021, the Plaintiff moved the Court for an extension of the deadline to file a response, which was that same day. ECF No. 167. On March 22, 2021, the Court denied the Plaintiff's motion, finding that the Plaintiff's same-day motion did not show good cause for an extension. ECF No. 175. The Court stated that it would not consider any response filed by the Plaintiff, as the response would be untimely. Id.

On March 19, 2021, the Plaintiff filed a motion requesting leave to file a Fourth Amended Complaint. ECF No. 173. The Fourth Amended Complaint realleges the same four causes of action against the Defendants, but also includes new allegations regarding a panic attack that the Plaintiff had on February 17, 2021 [ECF No. 173-1 ¶¶ 94–97], the Defendant's alleged lack of policies or training for its medical staff on how to treat patients with autism or other developmental disabilities [id. ¶¶103–109] and the Plaintiff's likelihood of suffering the same harm in the future [id. ¶¶ 99–102]. The Plaintiff avers that the amendments are intended to establish standing for her ADA claim. ECF No. 173 at 2.

On April 1, 2021, the Defendant and the Co-Defendants filed separate responses opposing the Plaintiff's motion. ECF Nos. 177 & 178. On April 7, the Plaintiff filed a Reply to the Co-Defendants' response [ECF No. 179], and on April 8, 2021, the Plaintiff filed a Reply to the Defendant's response [ECF No. 180].

---

4    The Defendant does not make separate arguments against the Plaintiff's vicarious liability claims. Thus, their Motion to Dismiss the related parts of Count IV will be considered only in the Court's analysis of the Plaintiff's Title III claim.

## II. PLAINTIFF'S MOTION TO FILE FOURTH AMENDED COMPLAINT

### A. Legal Standards

The Plaintiff seeks leave to amend the complaint pursuant to Rule 15(a), which governs amendments before trial. Fed. R. Civ. P. 15(a)(2). However, because the Plaintiff's proposed amendments pertain to allegations of events that happened after the complaint was filed, such as her panic attack in February 2021, it is technically a supplemental complaint, not an amended one. See Rowe v. U.S. Fide. & Guar. Co., 421 F.3d 937, 947 (4th Cir. 1970) ("A supplemental pleading . . . is designed to cover matters subsequently occurring but pertaining to the original cause.") (quoting Berssenbrugge v. Luce Mfg. Co., 30 F. Supp. 101 (W.D. Mo. 1939)). Therefore, the Court considers the Plaintiff's motion under Rule 15(d), which governs supplemental pleadings. See Ohio Valley Env't Coal. V. U.S. Army Corps of Eng'rs, 243 F.R.D. 253, 255–56 (S.D. W. Va. 2007) (finding that mislabeling of a motion to supplement pleadings does not prevent courts from construing the motion under Rule 15(d)).

Rule 15(d) provides that "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A plaintiff generally seeks to supplement the initial complaint to assert separate or additional claims against an existing party, Rowe, 421 F.2d at 943, or "to include new parties when events make it necessary to do so." 6A Fed. Prac. & P. Civ. § 1504 (3d ed).

The standard for evaluating Rule 15(d) motions is "nearly identical" to the standard

6

for Rule 15(a) motions. Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Thus, the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Valid reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice by the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

Notably, the Fourth Circuit has stated that supplemental pleadings are "[s]o useful . . . and of such service in the efficient administration of justice that that they ought to be allowed as of course, unless some particular reason for disallowing them appears." New Amsterdam Cas. Co. v. Walker, 323 F.2d 20, 28–29 (4th Cir. 1963). Still, even in light of this liberal standard, the decision to grant leave to supplement "requires the court to examine the totality of the circumstances and to exercise its informed in constructing a balance of pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30–31 (1st Cir. 2006).

### B. Plaintiff's Supplemental Complaint

The Plaintiff seeks to amend her complaint to establish standing to bring her Title III claim. The Court may allow or require the plaintiff "to supply, by amendment to the complaint . . . further particularized allegations of fact deemed supportive of plaintiff's standing." Warth v. Seldin, 422 U.S. 490, 501–02 (1975). However, if "after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the [claim] must be dismissed." Id.; see, e.g., Perkins v. United States, 55 F.3d

7

910, 917 (4th Cir. 1995) (stating that an amendment is futile and must be denied if it could not survive a motion to dismiss).

The Defendant argues in its response that the supplemental complaint is futile because even with the new allegations, the Plaintiff's Title III claim cannot survive a motion to dismiss. ECF No. 177 at 6–9. Upon review of the parties' filings and the relevant case law, this Court agrees with the Defendant and finds that the supplemental complaint does not establish the Plaintiff's standing to bring her Title III claim and consequently, the proposed amendments are futile.

### 1. Standing Under Title III of the ADA

To establish standing for relief under Title III, a plaintiff must first demonstrate that she will suffer an injury in fact that is (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). Regarding an "injury in fact," the U.S. Supreme Court has explained that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974)). At the motion to dismiss stage, the plaintiff must show a "sufficient likelihood that [she] will again be wronged in a similar way" to seek injunctive relief. Lyons, 461 U.S. at 111.

Courts have found where a plaintiff alleges that the defendant's alleged discrimination is "on-going and that she [was] likely to be served by the defendant[] in the near future," she has established standing under Title III. Aikins v. St. Helena Hosp., 843

8

F. Supp. 1329, 1334 (N.D. Cal. 1994); see also Gillespie v. Dimensions Health Corp., 369 F. Supp. 2d 636, 640, 642–43 (D. Md. 2005) (finding the plaintiffs had standing where multiple plaintiffs alleged that the hospital's policy, pattern, and practice was to not provide qualified sign interpreters and that they would seek the hospital's services in the future).

### 2. Lack of Standing in Third Amended Complaint

The Court previously found that the Plaintiff lacked standing because she failed to show that there is a real and immediate threat that the Defendant would violate her Title III protections. ECF No. 143 at 10. The Court noted that although the complaint alleged that the Plaintiff would likely need to obtain services at BMC in the future because BMC is the closest hospital to both her home and school, it also alleged that the Plaintiff refuses to go to BMC because of her experience on October 12, 2016. ECF No. 74 ¶¶ 92, 93. Moreover, the complaint alleged that the Plaintiff had been given the accommodations she requested during a previous visit to BMC's emergency room, which suggested that the Defendant did not have a policy or practice of denying her requests for accommodation. Id. ¶ 34. Accordingly, the Court found that the Plaintiff did not face a real and immediate threat of harm because the allegations did not establish that she would likely continue to be injured by the Defendant's policies, pattern, and practice. See Gillespie, 369 F. Supp. 2d at 642.

### 3. Discussion

The Plaintiff's supplemental complaint includes new allegations of a situation on February 17, 2021, where the Plaintiff "experienced a sudden and severe episode of pain and distress that appeared to be consistent with a cardiac event" and called emergency

services. ECF No. 173–1 ¶ 94. The Plaintiff alleges that the emergency responders "were able to rule out ongoing cardiac distress," but "suggested that S.L. go to BMC, the nearest emergency room, for further evaluation." Id. ¶ 95. However, "S.L. did not want to go [to BMC] for fear that the BMC staff would treat her the same way that she was treated on October 12, 2016." Id. Ultimately, S.L. did not go to a hospital because the emergency responders "could not take her out of the county [to another hospital] because of a snowstorm." Id. ¶¶ 95–96. The Plaintiff avers that the new allegations establish standing because "it is reasonable to conclude that, in the future, a similar emergency will arise [which] . . . will require S.L. to be transported to BC, the nearest hospital to her home," and "[t]here is support for the conclusion that S.L. is likely to need to seek care at BMC in her lifetime." ECF No. 180 at 6.

The Court disagrees with the Plaintiff. First, the new allegations only bolster the Court's finding that the Plaintiff is unlikely to seek the Defendant's services because she refuses to go to BMC and receive care. See Falls v. Prince George's Hosp. Ctr., No. 97-1545, 1999 WL 33485550, at *1 (D. Md. Mar. 16, 1999) (finding lack of actual or imminent threat where the plaintiff refused to return to the hospital for treatment); cf. Gillespie, 369 F. Supp. 2d at 642 (finding actual or imminent threat where the plaintiffs alleged that they would continue to seek medical treatment at the hospital). Second, and most crucially, the new allegations do not show that the Plaintiff is likely to suffer a similar injury by the Defendant. The Plaintiff's argument is that she could have been taken to BMC, where she could have been harmed again by the medical staff. However, to have standing, the Plaintiff must establish an actual or imminent injury in fact, not one that is conjectural

or hypothetical. See Lujan, 504 U.S. at 560–61. Thus, the allegations fail to establish that the Plaintiff faces a real and immediate threat that the Defendant will violate her Title III protections.

The supplemental complaint's other allegations similarly fail to establish that the Plaintiff will suffer an injury in fact that is concrete and particularized, and actual or imminent. For example, the Plaintiff alleges that "individuals with intellectual and developmental disabilities such as S.L. . . . are among the most frequent consumers of emergency room services," which is consistent with S.L.'s personal experience because she has "needed to go to the [emergency room] on several two [sic] occasions since 2016." ECF No. 173-1 ¶ 100. This allegation does not support that the Plaintiff is likely to suffer a similar injury by the Defendant—in fact, it suggests that the Plaintiff is unlikely to suffer a similar injury, as she has only needed to go to an emergency room twice in five years, and on both of those occasions, she refused to go to BMC. Thus, the Court finds that even with the new allegations contained in the supplemental complaint, the Plaintiff cannot establish that there is a real and immediate threat that she will require BMC's medical services in the future, or that she would even suffer a similar injury should she require BMC's medical services.

### C. Conclusion

The Court finds it unnecessary to discuss the Defendant's other objections to the motion because the supplemental complaint is unable to establish the Plaintiff's standing for Title III relief. Accordingly, the Plaintiff's supplemental complaint is futile, and the motion to file a fourth amended complaint is hereby **DENIED**.

### III. DEFENDANT'S MOTION TO DISMISS

Also pending before this Court is the Defendant's motion to dismiss the Plaintiff's disability discrimination under Title III claim and the related claim under *respondeat superior*. ECF No. 163. Because the Plaintiff's third amended complaint fails to establish that she has standing to bring her Title III claim, the motion is granted.

**A. Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations," but a pleading must offer more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555) (internal quotations omitted). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While plaintiffs need not prove their prima facie case at the pleading stage, they must "allege facts sufficient to state all the elements of [their] claim." Wicomico Nursing Home v. Padilla, 910 F.3d 739, 750 (4th Cir. 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

When reviewing a Rule 12(b)(6) motion, the court must assume that the complaint's well-pleaded allegations are true, resolve all doubts and inferences in favor

of the plaintiff, and view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Only factual allegations receive the presumption of truth, and the court is not required to accept legal conclusions couched as factual allegations as true. Iqbal, 556 U.S. at 678-79.

### B. Discussion

#### 1. Count I – Title III of the Americans with Disabilities Act

The Defendant argues that the Plaintiff's first cause of action, alleging disability discrimination in violation of Title III of the ADA, should be dismissed because the Plaintiff lacks standing for injunctive relief. Upon review of the parties' filings and the relevant authorities, the Court agrees and finds that the Plaintiff lacks standing to bring her Title III claim against the Defendant.

As explained above in the Court's discussion of the Plaintiff's motion to amend, Title III's only relief is injunctive. 42 U.S.C. § 12182(a); see Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 401–02 (1968) (finding that plaintiffs who sue under Title III of the ADA cannot recover damages). In order to establish standing for injunctive relief, a plaintiff must first demonstrate that she will suffer an injury in fact that is (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). Regarding an "injury in fact," the U.S. Supreme Court has explained that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974)). At the motion to

dismiss stage, the plaintiff must show a "sufficient likelihood that [she] will again be wronged in a similar way" to seek injunctive relief. Lyons, 461 U.S. at 111.

Courts have found where a plaintiff alleges that the defendant's alleged discrimination is "on-going and that she [was] likely to be served by the defendant[] in the near future," she has established standing under Title III. Aikins v. St. Helena Hosp., 843 F. Supp. 1329, 1334 (N.D. Cal. 1994); see also Gillespie v. Dimensions Health Corp., 369 F. Supp. 2d 636, 640, 642–43 (D. Md. 2005) (finding the plaintiffs had standing where multiple plaintiffs alleged that the hospital's policy, pattern, and practice was to not provide qualified sign interpreters and that they would seek the hospital's services in the future).

In the third amended complaint, the Plaintiff alleges that because BMC is the closest hospital to both her home and school, she will likely need to obtain its services in the future. ECF No. 74 ¶ 93. However, she alleges that because of the ED staff's actions the night of the incident, she refuses to go to BMC. Id. ¶ 92. Further, she alleges that she had been given the accommodations she requested during a previous visit to BMC's emergency room, which suggests that the Defendants do not have a policy or practice of denying her requests for accommodation. Id. ¶ 34. Even reading these facts in the light most favorable to the Plaintiff, however, the Court finds that the Plaintiff has not established that there is a real and immediate threat that the Defendants will violate her Title III protections. See Gillespie, 369 F. Supp. 2d. at 645 (quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 306 (1st Cir. 2003) (T]he question before us is whether Dudley has proffered enough evidence to establish a real and immediate threat that Hannaford's policy will again result in a Title III violation. Given the remedial purpose

14

underlying the ADA, courts should resolve doubts about such questions in favor of disabled individuals.")).

For the reasons stated above, the Court finds that the Plaintiff has not established that there is a real and immediate threat that the Defendant would violate her Title III protections. Therefore, the Defendant's Motion to Dismiss Count I of the Third Amended Complaint is **GRANTED**. Count I is **DISMISSED WITHOUT PREJUDICE.**

### 2. *Count IV – Vicarious Liability Claims Under Respondeat Superior*

As discussed above, the Plaintiff has failed to sufficiently plead her Title III claim against the Defendant. Therefore, the Defendant's Motion to Dismiss Count IV as it relates to the Defendant's vicarious liability for violations of Title III of the ADA is **GRANTED**. Count IV is **DISMISSED WITHOUT PREJUDICE** as to the Defendant's vicarious liability for violations of Title III of the ADA, but not as to the Defendant's vicarious liability for violations of the Medical Professional Liability Act

### IV. REMAINING STATE LAW CLAIM

In light of the Court's dismissal of the Plaintiff's two federal claims, the only remaining claim is the Plaintiff's state law claim under West Virginia's Medical Professional Liability Act, West Virginia Code § 55-7b-6(c). A district court generally has discretion to keep or dismiss a case when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

Lastly, as this claim is based solely on West Virginia law, and as this Court has determined that the Plaintiff's federal claim must be dismissed, this Court declines to

exercise supplemental jurisdiction over the state law claim, pursuant to 28 U.S.C. § 1367(c)(3), and this claim will be dismissed. See, e.g., Byndon v. Pugh, 350 F. Supp. 3d 495, 512 (N.D. W. Va. 2018).

## V. CONCLUSION

For the reasons set forth above, the Plaintiff's supplemental complaint is futile. Accordingly, the Plaintiff's motion to file a fourth amended complaint is **DENIED**. ECF No. 173. Furthermore, because the Plaintiff is unable to establish standing for her Title III claim against the Defendant, the Defendant's motion to dismiss Count I and the related parts of Count IV is **GRANTED**. ECF No. 163. Count I and the related parts of Count IV are **DISMISSED WITHOUT PREJUDICE**. The remaining state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. 1367(c)(3).

The Clerk of Court is **DIRECTED** to **TERMINATE** the Parties' Joint Motion for Extension of Time to Complete Discovery [ECF No. 193] and the Plaintiff's Motion to Substitute [ECF No. 197] as **MOOT**.

Therefore, the Court having dismissed all claims, **ORDERS** this Civil Action **STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** June 16, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE